■ JEAN M. BARRY, Appellant, v CHELSEA YACHT CLUB OF CHELSEA ON THE HUDSON et al., Respondents. (And Third-Party Actions.) [790 NYS2d 33]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Dutchess County (Dolan, J.), dated October 1, 2003, as granted the motion of the defendant Chelsea Yacht Club of Chelsea on the Hudson, and the separate motion of the defendants Gerald S. Hluchan and Elizabeth R. Hluchan, for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff was a passenger in her motorboat, operated by her husband, Walter D. White, when it struck a sailboat owned by the defendants Gerald S. Hluchan and Elizabeth R. Hluchan, which was moored in the mooring field of the defendant Chelsea Yacht Club of Chelsea on the Hudson (hereinafter CYC), near the eastern shore of the Hudson River. On the night of the accident, the sky was clear, and White estimated that visibility of

lighted objects was up to 10 miles. Immediately after the accident, White told a New York State Trooper that the motorboat's speed was 35 miles-per-hour and that he had been "hugging the eastern shore." Analysis of White's blood three hours after the accident indicated that its blood alcohol content was .15%, which is above the legal limit set forth in Navigation Law § 49-a (2). White subsequently pleaded guilty to operating a vessel while under the influence of alcohol or drugs in violation of Navigation Law § 49-a (2). In a deposition, White testified that he had navigated past the CYC's mooring field numerous times without incident for more than 20 years, and knew to stay in the navigable channel away from the shallow mud flats near the river's eastern shore.

The CYC established its entitlement to summary judgment by showing that, even assuming that its mooring field was not adequately lighted or had been improperly established, based on White's intoxication, his excessive speed, and his familiarity with the area, White's actions were the sole proximate cause of the accident. In opposition, the plaintiff submitted affidavits from purported experts which were speculative and conclusory, and therefore failed to raise a triable issue of fact (see Putrino v Buffalo Athletic Club, 82 NY2d 779, 781 [1993]; Amatulli v Delhi Constr. Corp., 77 NY2d 525 [1991]; Schrader v Sunnyside Corp., 297 AD2d 369, 371 [2002]).

The defendants Gerald S. Hluchan and Elizabeth R. Hluchan (hereinafter the Hluchans) also established their entitlement to summary judgment by submitting evidence that their sailboat had an operational anchor light on its mast, which was visible from 360 degrees for two miles. In opposition, the plaintiff submitted affidavits from purported experts that were speculative and conclusory, and in stark contrast to eyewitness testimony that the sailboat's anchor light was operational on the night of the accident, and White's testimony that visibility of lighted objects was up to 10 miles. Accordingly, the Supreme Court properly granted summary judgment to the Hluchans (see Putrino v Buffalo Athletic Club, supra; Amatulli v Delhi Constr. Corp., supra; Schrader v Sunnyside Corp., supra).

The parties' remaining contentions either are without merit, have been rendered academic, or need not be reached in light of our determination. Schmidt, J.P., Adams, Santucci and Skelos, JJ., concur.