■ BRUCE DODKOWITZ, Appellant, v SEYMOUR A. NELSON et al., Respondents, et al., Defendant. [803 NYS2d 131]—

In an action to recover damages for personal injuries, the plaintiff appeals, (1) from a decision of the Supreme Court, Queens County (Kelly, J.), dated April 5, 2004, and (2), as limited by his brief, from so much of an order of the same court dated June 9, 2004, as granted that branch of the motion of the defendants Seymour A. Nelson, Sr., and Clare Nelson which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.,* 100 AD2d 509 [1984]); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The respondents, Seymour A. Nelson, Sr., and Clare Nelson, the out-of-possession landlords of the premises where the plaintiff was injured, established their entitlement to judgment as a matter of law with evidence that they had neither actual nor constructive notice of a dangerous condition (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]). In opposition, the plaintiff failed to raise a triable issue of fact. We agree with the Supreme Court that assuming that the plaintiff established that the respondents had actual or constructive notice of the deteriorated condition of the trap door in question, which allegedly prevented it from being attached to hinges installed in the floor's opening, the plaintiff failed to submit evidence that rotted wood constituted the dangerous condition that caused his accident. Rather, the plaintiff's own deposition testimony demonstrates that before the accident, the trap door had always been closed and that he had walked over the trap door "[m]any times" without incident. Accordingly, the conclusion of the plaintiff's expert that the wood rot proximately caused the plaintiff's injury was merely speculative and was insufficient to counter the respondents' motion for summary judgment (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]; *see also Putrino v Buffalo Athletic Club*, 82 NY2d 779 [1993]; *Barry v Chelsea Yacht Club of Chelsea on Hudson*, 15 AD3d 323 [2005]).

The plaintiff's remaining contentions are without merit. S. Miller, J.P., Krausman, Goldstein and Covello, JJ., concur.