■ HILARY LEINER, Respondent, v F. SCHUMACHER & CO., Appellant-Respondent, and GVA WILLIAMS, LLC, Respondent-Appellant, et al., Defendant. [912 NYS2d 111]—

In an action to recover damages for personal injuries, the defendant F. Schumacher & Co. appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated June 11, 2009, as denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it, and (2) so much of an order of the same court dated September 17, 2009, as, in effect, granted that branch of the motion of the defendants GVA Williams, LLC, and Madison 28 Associates, L.P., which was for summary judgment dismissing the cross claim asserted by it against the defendant Madison 28 Associates, L.P., and the defendant GVA Williams, LLC, cross-appeals, as limited by its brief, from so much of the order dated September 17, 2009, as denied those branches of its motion made jointly with the defendant Madison 28 Associates, L.P., which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against it or for summary judgment on its cross claim against F. Schumacher & Co. for contractual indemnification.

Ordered that the order dated June 11, 2009, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated September 17, 2009, is affirmed insofar as appealed and cross-appealed from, and upon searching the record, summary judgment is awarded to the defendant F. Schumacher & Co. dismissing the cross claim asserted against it by the defendant GVA Williams, LLC, for contractual indemnification; and it is further,

Ordered that one bill of costs is awarded to the plaintiff, payable by the defendants F. Schumacher & Co. and GVA Williams, LLC.

The plaintiff's decedent allegedly was injured at her place of employment when she tripped and fell on torn carpet which had been repaired with tape. At the time of her accident, the decedent was an employee of Community Health Care Network

(hereinafter Community). The plaintiff commenced this action against the building owner, Madison 28 Associates, L.P. (hereinafter Madison), which is not a party to this appeal, F. Schumacher & Co. (hereinafter Schumacher), the prime tenant which subleased the subject area and was Community's landlord, and GVA Williams, LLC (hereinafter GVA Williams), the alleged managing agent of the premises.

Schumacher failed to establish its prima facie entitlement to judgment as a matter of law, since it failed to eliminate all triable issues of fact as to whether it was contractually obligated to make nonstructural repairs. Accordingly, the Supreme Court properly denied Schumacher's cross motion for summary judgment dismissing the complaint insofar as asserted against it.

GVA Williams failed to meet its prima facie burden of "tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Ayotte v Gervasio*, 81 NY2d 1062, 1063 [1993], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]) with regard to its claim that it was not a proper party to this lawsuit. GVA Williams failed to clarify its relationship with Williams USA Realty Services, the entity which, according to the deposition testimony of GVA Williams's witness, was the managing agent of the premises on the date of the decedent's accident.

GVA Williams also failed to meet its prima facie burden of establishing that it neither created nor had actual or constructive notice of the condition of the carpet prior to the accident. Triable issues of fact exist as to whether GVA Williams or its cleaning agent created the allegedly defective condition. Triable issues of fact also exist as to whether GVA Williams, which had a handyman on site, had actual or constructive notice of the alleged defect. Accordingly, the Supreme Court properly denied that branch of the motion of GVA Williams and Madison which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against GVA Williams (*see Helena v 300 Park Ave.*, 306 AD2d 170 [2003]; *cf. Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]).

The Supreme Court also properly denied that branch of the motion of GVA Williams and Madison which was for summary judgment on GVA Williams's cross claim against Schumacher for contractual indemnification, as there was no contract between GVA Williams and Schumacher. Since there was no contract between GVA Williams and Schumacher, upon searching the record, we award summary judgment to Schumacher dismissing GVA Williams's cross claim for contractual indemnification asserted against it (*see* CPLR 3212 [b]).

The parties' remaining contentions are without merit. Rivera, J.P., Covello, Santucci and Sgroi, JJ., concur.