■ DOROTHY PANTALEO, Respondent, v BELLEROSE SENIOR HOUSING DEVELOPMENT FUND COMPANY, INC., et al., Respondents, and NEW YORK WINDOWS AND DOORS, INC., Appellant. [46 NYS3d 189]—

In an action to recover damages for personal injuries, the defendant New York Windows and Doors, Inc., appeals from an order of the Supreme Court, Queens County (Weiss, J.), entered March 31, 2015, which denied its motion for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion of the defendant New York Windows and Doors, Inc., which were for summary judgment dismissing the cross claims asserted against it for contractual indemnification and alleging breach of contract to procure insurance, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed, with one bill of costs to the plaintiff, payable by the defendant New York Windows and Doors, Inc., and one bill of costs to the defendant New York Windows and Doors, Inc., payable by the defendants Bellerose Senior Housing Development Fund Company, Inc., and Fr. Richard Reder Senior Apartments.

On November 11, 2011, at approximately 7:30 a.m., the plaintiff was walking on an outdoor walkway within the housing complex where she lived in Queens when she tripped and fell. Thereafter, the plaintiff commenced this action against the alleged owners of the premises, the defendants Bellerose Senior Housing Development Fund Company, Inc., and Fr. Richard Reder Senior Apartments (hereinafter together the landlord defendants). The landlord defendants then commenced a third-party action against New York Windows and Doors, Inc. (hereinafter NYWD), a contractor that was on the premises at the time of the accident to replace residents' windows, seeking contribution, common-law indemnification, and contractual indemnification, and alleging breach of contract to procure insurance. The plaintiff then filed a supplemental summons and amended complaint naming NYWD as an additional defendant.

NYWD moved for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against it, contending that the plaintiff tripped and fell as a result of a defect in the walkway. NYWD also argued that the cross claims alleging breach of contract to procure insurance and for contractual indemnification should be dismissed since there was no written contract between NYWD and the landlord defendants. The plaintiff and the landlord defendants opposed the motion, contending, inter alia, that a triable issue of fact existed as to whether the plaintiff fell as a result of debris left in the walkway by NYWD. Notably, the landlord defendants raised no argument in opposition to those branches of NYWD's motion which were to dismiss the cross claims for contractual indemnification and alleging breach of contract to procure insurance. The Supreme Court denied the motion.

NYWD established its prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against it by demonstrating that it did not own, occupy, control, or make special use of the walkway where the accident occurred, and that it did not create the condition that caused the plaintiff to fall (*see Leibovici v Imperial Parking Mgt. Corp.*, 139 AD3d 909, 910 [2016]; *Walton v City of New York*, 105 AD3d 732 [2013]; *Moore v City of Yonkers*, 92 AD3d 738, 739-740 [2012]; *Elkman v Consolidated Edison of N.Y.*, 71 AD3d 817, 818 [2010]). However, in opposition, the plaintiff and the landlord defendants submitted evidence raising a triable issue of fact as to whether NYWD created the condition that caused the plaintiff to fall (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court properly denied those branches of NYWD's motion which were for summary judgment dismissing the amended complaint insofar as asserted against it and the cross claims for contribution and common-law indemnification (*see Bryde v CVS Pharmacy*, 61 AD3d 907, 909 [2009]; *Hites v Toys "R" Us, Inc.*, 33 AD3d 759, 761 [2006]).

However, those branches of NYWD's motion which were for summary judgment dismissing the cross claims for contractual indemnification and alleging breach of contract to procure insurance should have been granted. In support of these branches of the motion, NYWD established that there was no contract between it and the landlord defendants, much less one containing an indemnification provision. In opposition, the landlord defendants failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324). Accordingly, NYWD is entitled to summary judgment dismissing the cross claims

for contractual indemnification and alleging breach of contract to procure insurance (*see Leiner v F. Schumacher & Co.*, 78 AD3d 1131, 1132 [2010]; *Holub v Pathmark Stores, Inc.*, 66 AD3d 741, 742 [2009]). Austin, J.P., Cohen, Maltese and Duffy, JJ., concur.