Cortes v City of New York (2020 NY Slip Op 06240)





Cortes v City of New York


2020 NY Slip Op 06240


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2017-10829
 (Index No. 100118/14)

[*1]Adam A. Cortes, appellant, 
v
City of New York, et al., defendants, CCA Civil, Inc., et al., respondents.


Adam A. Cortes, Staten Island, NY, appellant pro se.
Fabiani Cohen & Hall, LLP, New York, NY (Kevin B. Pollak and Alisa Dultz of counsel), for respondent CCA Civil, Inc.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Thomas P. Aliotta, J.), dated September 15, 2017. The order granted the separate motions of the defendants CCA Civil, Inc., and LaQuila Group, Inc., for summary judgment dismissing the second amended complaint insofar as asserted against each of them.
ORDERED that the order is affirmed, with costs to the defendant CCA Civil, Inc.
The plaintiff allegedly was injured when the left handlebar of the bicycle he was riding on a sidewalk adjacent to the service road of the Staten Island Expressway came into contact with the corner of a road construction sign, throwing him to the ground. At the time, the sign was protruding onto the sidewalk and leaning against a wooden frame to which it should have been attached. The plaintiff commenced this personal injury action against, among others, the defendants CCA Civil, Inc. (hereinafter CCA), and LaQuila Group, Inc. (hereinafter LaQuila), which had separately contracted with the New York State Department of Transportation to perform reconstruction work on the Staten Island Expressway. The second amended complaint and the plaintiff's bill of particulars alleged that CCA and LaQuila were negligent, inter alia, in creating the allegedly dangerous condition that caused the accident.
CCA and LaQuila separately moved for summary judgment dismissing the second amended complaint insofar as asserted against each of them. In an order dated September 15, 2017, the Supreme Court granted the motions. The plaintiff appeals.
Generally, a contractual obligation, standing alone, will not give rise to tort liability in favor of a third party (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140). However, the Court of Appeals has recognized three exceptions to the general rule: "(1) where the contracting party, in failing to exercise reasonable care in the performance of his [or her] duties, launche[s] a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (id. at 140 [internal quotation marks and citations omitted]). "As part of its prima facie showing, a contracting defendant is only required to negate the [*2]applicability of those Espinal exceptions that were expressly pleaded by the plaintiff or expressly set forth in the plaintiff's bill of particulars" (Glover v John Tyler Enters., Inc., 123 AD3d 882, 882; see Hagan v City of New York, 166 AD3d 590, 592).
Here, based upon the second amended complaint and the bill of particulars, CCA and LaQuila established their prima facie entitlement to judgment as a matter of law dismissing the second amended complaint insofar as asserted against each of them on the ground that, as third-party contractors, they owed no duty to the plaintiff, and that they did not "launch[ ] a force or instrument of harm," creating the alleged dangerous condition that caused the plaintiff to be thrown from his bicycle (Espinal v Melville Snow Constrs., 98 NY2d at 142 [internal quotation marks omitted]; see Fidler v Gordon-Herricks Corp., 173 AD3d 840, 841). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320).
In light of our determination, we need not reach the parties' remaining contentions.
Accordingly, we agree with the Supreme Court's determination to grant the separate motions of CCA and LaQuila for summary judgment dismissing the second amended complaint insofar as asserted against each of them.
CHAMBERS, J.P., HINDS-RADIX, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court