Rodriguez v Palacio (2021 NY Slip Op 06000)





Rodriguez v Palacio


2021 NY Slip Op 06000


Decided on November 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
BETSY BARROS
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.


2018-12124 
2018-12368
 (Index No. 28861/11)

[*1]Roberto Rodriguez, etc., appellant,
v
Alexander Palacio, defendant, City of New York, et al., respondents.


Queller, Fisher, Washor, Fuchs & Kool, New York, NY (Matthew J. Maiorana of counsel), for appellant.
Harris Beach PLLC, New York, NY (Andrew J. Orenstein, Svetlana K. Ivy, and Bradley M. Wanner of counsel), for respondents City of New York, New York City Department of Transportation, and New York City Economic Development Corporation.
Kennedys CMK (Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY [Timothy R. Capowski and John F. Watkins], of counsel), for respondent LiRo Engineers, Inc.
Pillinger Miller Tarallo, LLP, Elmsford, NY (Patrice M. Coleman of counsel), for respondent Triumph Construction Corp.



DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, etc., the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Bruce M. Balter, J.), entered July 24, 2018, and (2) an order of the same court entered August 27, 2018. The order entered July 24, 2018, granted the motion of the defendants City of New York, New York City Department of Transportation, and New York City Economic Development Corporation, and the separate motion of the defendant Triumph Construction Corp., for summary judgment dismissing the complaint insofar as asserted against each of them. The order entered August 27, 2018, granted the motion of the defendant LiRo Engineers, Inc., for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the orders are affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
These related appeals arise out of a fatal single-vehicle accident that occurred on the exit ramp of the eastbound Queensboro Bridge South Outer Roadway at approximately 4:00 a.m. on April 6, 2011. According to the police accident report, the driver of the vehicle, the defendant Alexander Palacio, struck the curb while traveling on the South Outer Roadway exit ramp (hereinafter SOR exit ramp) "at an apparent high rate of speed," causing him to lose control of the vehicle, strike a guard rail, and crash into several storefronts on nearby Queens Plaza South. The [*2]plaintiff's decedent, Beatriz Rojas Rodriguez (hereinafter the decedent), was asleep in the passenger seat of Palacio's vehicle and died as a result of the injuries she sustained in the accident. Palacio admitted at his deposition to having consumed several alcoholic beverages in the hours preceding the accident, including wine, beer, and tequila.
The plaintiff, Roberto Rodriguez, individually and as the administrator of the decedent's estate, thereafter commenced this action against Palacio, the City of New York, New York City Department of Transportation, New York City Economic Development Corporation, LiRo Engineers, Inc. (hereinafter LiRo), and Triumph Construction Corp. (hereinafter Triumph), inter alia, to recover damages for wrongful death. LiRo and Triumph are both contractors for the New York City Economic Development Corporation on a project located adjacent to the SOR exit ramp. The pleadings alleged, among other things, that the City, New York City Department of Transportation, and New York City Economic Development Corporation (hereinafter collectively the City defendants) were negligent in the planning and design of the "geometry" of the SOR exit ramp, and that the City defendants, Triumph, and LiRo were negligent in placing a concrete median divider, known as a "Jersey barrier," on the SOR exit ramp which abruptly redirected Palacio's direction of travel. Following discovery, the City defendants, Triumph, and LiRo separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. In opposition to the motions, the plaintiff submitted the affidavit of an engineer who opined, among other things, that the accident was caused by orange traffic barrels in the roadway which narrowed the lane of travel. In an order entered July 24, 2018, the Supreme Court granted the motions of the City defendants and Triumph for summary judgment dismissing the complaint insofar as asserted against each of them. In an order entered August 27, 2018, the court granted the motion of LiRo for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff appeals from both orders. We affirm.
The Supreme Court properly granted the motions of Triumph and LiRo for summary judgment dismissing the complaint insofar as asserted against each of them. "[A] contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party" (Espinal v Melville Snow Contrs., 98 NY2d 136, 138). Insofar as is relevant to this appeal, an exception to this general rules applies "where the contracting party, in failing to exercise reasonable care in the performance of [its] duties, launches a force or instrument of harm" (id. at 140 [internal quotation marks omitted]) or "creates or exacerbates a hazardous condition" (id. at 142 [internal quotation marks omitted]; see Cortes v City of New York, 188 AD3d 643; Hagan v City of New York, 166 AD3d 590, 592; Castillo v Port Auth. of N.Y. & N.J., 159 AD3d 792, 793). Here, the submissions in support of their respective motions established, prima facie, that neither Triumph nor LiRo launched an instrument of harm or created or exacerbated a dangerous condition alleged to have caused the accident (see Castillo v Port Auth. of N.Y. & N.J., 159 AD3d at 793). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Contrary to the plaintiff's contention, the court did not overlook or misapprehend evidence concerning the alleged placement of orange plastic barrels on the SOR exit ramp prior to the accident.
The Supreme Court properly granted that branch of the City defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the City of New York and the New York City Department of Transportation on the ground of qualified immunity. "'[A] municipality owe[s] to the public the absolute duty of keeping its streets in a reasonably safe condition'" (Mansour-Mohamed v State of New York, 189 AD3d 1016, 1016, quoting Friedman v State of New York, 67 NY2d 271, 283). "'While this duty is nondelegable, it is measured by the courts with consideration given to the proper limits on intrusion into the municipality's planning and decision-making functions. Thus, in the field of traffic design engineering, the [governmental body] is accorded a qualified immunity from liability arising out of a highway planning decision'" (Tyberg v City of New York, 173 AD3d 1239, 1240, quoting Friedman v State of New York, 67 NY2d at 283). "Under the doctrine of qualified immunity, a governmental body may not be held liable for a highway safety planning decision unless its study of the traffic condition is plainly inadequate or there is no reasonable basis for its traffic plan" (Tyberg v City of New York, 173 AD3d at 1240). Here, the City defendants met their burden of [*3]establishing that the City of New York and the New York City Department of Transportation were entitled to immunity from liability arising out of the planning and design of the geometry of the SOR exit ramp with evidence that the traffic plan for that area neither evolved without adequate study nor lacked reasonable basis (see Weiss v Fote, 7 NY2d 579; Mare v City of New York, 112 AD3d 793, 793-794; Turturro v City of New York, 77 AD3d 732, 735). Specifically, the evidence demonstrated that the geometry of the SOR exit ramp had been analyzed by engineers with the New York City Department of Transportation in connection with a 1998 study to improve safety on the SOR exit ramp by increasing sight distances for motorists and reducing traffic flow. Modifications to the SOR exit ramp recommended by that study were completed in and around January 2008, and reduced the turn radius for vehicles exiting that roadway. In opposition to the prima facie showing of the City defendants on this issue, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d at 324).
Furthermore, the City defendants established, prima facie, that they neither created nor exacerbated any dangerous condition on the SOR exit ramp alleged to have caused the accident, and that Palacio's own negligence in operating his vehicle while intoxicated and at a high rate of speed was the sole proximate cause of the accident (see Wolf v Cruickshank, 144 AD3d 1144, 1145; Tinao v City of New York, 112 AD2d 363, 364). "'A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that [it] was not at fault in the happening of the subject accident'" (Gaudio v City of New York, 189 AD3d 1546, 1547-1548, quoting Gobin v Delgado, 142 AD3d 1134, 1135 [internal quotation marks omitted]). "There can be more than one proximate cause of an accident, and, '[g]enerally, it is for the trier of fact to determine the issue of proximate cause'" (Estate of Cook v Gomez, 138 AD3d 675, 676-677 [citations omitted], quoting Kalland v Hungry Harbor Assoc., LLC, 84 AD3d 889, 889; see Gaudio v City of New York, 189 AD3d at 1548). "'However, the issue of proximate cause may be decided as a matter of law where only one conclusion may be drawn from the established facts'" (Estate of Cook v Gomez, 138 AD3d at 677, quoting Kalland v Hungry Harbor Assoc., LLC, 84 AD3d at 889; accord Bermejo v Khaydarov, 155 AD3d 597, 598).
Here, in support of their motion for summary judgment, the City defendants submitted, inter alia, a transcript of Palacio's deposition testimony in which he testified as to how the accident occurred. Palacio explained that he lost control of his vehicle after being forced to make a sharp right turn in order to avoid striking an alleged Jersey barrier that had been misplaced at the end of the SOR exit ramp in a "T formation." Palacio also testified, however, that he was able to see the alleged Jersey barrier at the end of the SOR exit ramp as he was coming off the Queensboro Bridge prior to the accident and "had [ ] in [his] mind" as he "got closer and closer to the barrier" that he would "have to take the turn." Palacio further explained that, despite having seen the Jersey barrier and being aware that he would have to make a turn, he failed to "react quick enough" to navigate the turn and "jerk[ed] the wheel all the way to the right" in an effort to avoid striking the Jersey barrier, thereby losing control of the vehicle. Moreover, in addition to Palacio's own deposition testimony in which he admitted to having consumed wine, beer, and tequila in the hours preceding the accident, a blood sample drawn from Palacio approximately 90 minutes after the accident revealed that he had a blood serum alcohol level of 149 mg/dL. According to the affidavit of a board certified toxicologist, at the time of the accident, Palacio's blood serum alcohol level would have been approximately 178 mg/dL, which is the equivalent of a blood alcohol content of .15, a level at which Palacio's judgment, coordination, and ability to operate a vehicle would have been impaired. This evidence was sufficient to establish, prima facie, that Palacio's own actions were the sole proximate cause of the accident (see Barry v Chelsea Yacht Club of Chelsea on Hudson, 15 AD3d 323, 324). In opposition to the City defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d at 324).
Accordingly, the Supreme Court properly granted the motion of the City defendants, and the separate motions of Triumph and LiRo, for summary judgment dismissing the complaint insofar as asserted against each of them.
The plaintiff's remaining contentions either need not be reached in light of our determination or are without merit.
CHAMBERS, J.P., BARROS, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court