Riddell v City of New York (2022 NY Slip Op 05878)

Riddell v City of New York

2022 NY Slip Op 05878

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.

2018-13020
 (Index No. 13180/12)

[*1]Grant Riddell, et al., appellants,
v
City of New York, et al., respondents.

Iannuzzi and Iannuzzi, New York, NY (John Nicholas Iannuzzi of counsel), for appellants.
Harris Beach PLLC, New York, NY (Andrew J. Orenstein, Svetlana K. Ivy, and Bradley M. Wanner of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Bruce M. Balter, J.), entered August 20, 2018. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
This appeal arises out of a single-vehicle accident that occurred on an exit ramp of the eastbound Queensboro Bridge South Outer Roadway at approximately 4:00 a.m. on March 28, 2011. The accident occurred during an ongoing construction and renovation project located adjacent to the exit ramp. According to a police investigation report, the driver of the vehicle, the plaintiff Grant Riddell, struck a guardrail while traveling on the exit ramp and lost control of the vehicle, which struck a pedestrian on a sidewalk and crashed into several storefronts on Queens Plaza South before coming to a rest on its roof. Riddell later pleaded guilty to driving while intoxicated per se, in violation of Vehicle and Traffic Law § 1192(2), at the time of the accident.
Riddell, and his wife suing derivatively, commenced this action against the City of New York and the New York City Department of Transportation, inter alia, to recover damages for personal injuries. The complaint alleged, among other things, that the defendants were negligent in the "reparation, maintenance, and/or redesign of QUEENSBORO BRIDGE and EXIT RAMP," and in failing to post proper warning signs along the bridge and the exit ramp. Following the completion of discovery, the defendants moved for summary judgment dismissing the complaint. In an order entered August 20, 2018, the Supreme Court granted the motion, and the plaintiffs appeal.
The Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as alleged negligence with respect to the planning and design of the exit ramp on the ground of qualified immunity. "[A] municipality owes to the public the absolute duty of keeping its streets in a reasonably safe condition" (Friedman v State of New York, 67 NY2d 271, 283 [internal quotation marks omitted]). "While this duty is nondelegable, it is measured by the courts with consideration given to the proper limits on intrusion [*2]into the municipality's planning and decision-making functions" (id. at 283). Thus, in the field of traffic design engineering, a municipality is accorded qualified immunity from liability arising out of highway planning decisions (see id.; Kuhland v City of New York, 81 AD3d 786, 787, citing Turturro v City of New York, 77 AD3d 732, 735), and a municipality may not be held liable for such a decision "unless its study of the traffic condition is plainly inadequate or there is no reasonable basis for its traffic plan" (Tyberg v City of New York, 173 AD3d 1239, 1240).
Here, to the extent that the plaintiffs alleged negligence with respect to the planning and design of the exit ramp, the defendants met their burden of establishing, prima facie, that they were entitled to qualified immunity from liability by submitting evidence that the traffic plan for that area neither evolved without adequate study nor lacked a reasonable basis (see Friedman v State of New York, 67 NY2d at 283; Rodriguez v Palacio, 199 AD3d 728, 728; Turturro v City of New York, 77 AD3d at 735). Specifically, the defendants demonstrated that the geometry of the exit ramp had been analyzed by engineers employed by the New York City Department of Transportation in connection with a 1998 study to improve safety on the exit ramp by increasing sight distances for motorists and reducing traffic flow. Modifications to the exit ramp recommended by that study were completed in and around January 2008, and reduced the turn radius for vehicles exiting the roadway. In opposition to this prima facie showing, the plaintiffs failed to raise a triable issue of fact.
Furthermore, the defendants established, prima facie, that Riddell's own negligence in operating his vehicle while intoxicated and at a high rate of speed was the sole proximate cause of the accident (see Rodriguez v Palacio, 199 AD3d at 728; McCabe v Boyce, 2 AD3d 1375, 1376-1377). "A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that [it] was not at fault in the happening of the subject accident" (Choo v Virginia Transp. Corp., 204 AD3d 743, 744 [internal quotation marks omitted]). "There can be more than one proximate cause of an accident, and, '[g]enerally, it is for the trier of fact to determine the issue of proximate cause'" (Estate of Cook v Gomez, 138 AD3d 675, 676-677 [citations omitted], quoting Kalland v Hungry Harbor Assoc., LLC, 84 AD3d 889, 889). "'However, the issue of proximate cause may be decided as a matter of law where only one conclusion may be drawn from the established facts'" (Estate of Cook v Gomez, 138 AD3d at 677, quoting Kalland v Hungry Harbor Assoc., LLC, 84 AD3d at 889; see Choo v Virginia Transp. Corp., 204 AD3d at 743).
Here, in support of their motion, the defendants submitted a transcript of the plea proceeding and the certificate of disposition with respect to Riddell's plea of guilty to driving while intoxicated per se, in violation of Vehicle and Traffic Law § 1192(2), along with evidence that Riddell was at a bar for several hours prior to the accident, that he did not remember getting in the vehicle after he left the bar or driving on the bridge, and that he exceeded the posted speed limit by between 10 and 30 miles per hour in a marked construction zone at or near the time he lost control of the vehicle. Further, a blood sample drawn from Riddell approximately one hour after the accident revealed that he had a blood serum alcohol level of 148 mg/dL. According to a board-certified toxicologist, at the time of the accident, Riddell's blood serum alcohol level would have been approximately 162 mg/dL, which is the equivalent of a blood alcohol content of .13, a level at which Riddell's judgment, coordination, memory, and awareness of his surroundings would have been impaired. This evidence was sufficient to establish, prima facie, that Riddell's own actions were the sole proximate cause of the accident (see Rodriguez v Palacio, 199 AD3d at 728; Barry v Chelsea Yacht Club of Chelsea on Hudson, 15 AD3d 323, 324; Tishler v Town of Brookhaven, 205 AD2d 611, 612). In opposition to the defendants' prima facie showing, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
In light of the foregoing, the parties' remaining contentions need not be reached.
DILLON, J.P., IANNACCI, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court