Cohen v City of New York (2022 NY Slip Op 05833)

Cohen v City of New York

2022 NY Slip Op 05833

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.

2018-14425 
2018-14758
2019-00445
 (Index No. 6146/12)

[*1]Melissa Cohen, appellant, et al., plaintiff, 
v
City of New York, et al., respondents, et al., defendants (and a third-party action).

Proner & Proner, P.C., New York, NY (Tobi R. Salottolo of counsel), for appellant.
Harris Beach PLLC, New York, NY (Andrew J. Orenstein, Svetlana K. Ivy, and Bradley M. Wanner of counsel), for respondents City of New York, New York City Department of Transportation, and New York City Economic Development Corporation.
Kennedys CMK LLC (Coffey Modica O'Meara Capowski LLP, White Plains, NY [John F. Watkins], of counsel), for respondent LiRo Engineers, Inc.
Pillinger Miller Tarallo, LLP, Elmsford, NY (Patrice M. Coleman of counsel), for respondent Triumph Construction Corp.

DECISION & ORDER
In a consolidated action to recover damages for personal injuries, etc., the plaintiff Melissa Cohen appeals from (1) an order of the Supreme Court, Queens County (Bruce M. Balter, J.), entered September 13, 2018, (2) an order of the same court entered October 2, 2018, and (3) an amended order of the same court entered November 1, 2018. The order entered September 13, 2018, granted the motion of the defendant LiRo Engineering, Inc., for summary judgment dismissing the amended complaint insofar as asserted against it. The order entered October 2, 2018, granted the motion of the defendants City of New York, New York City Department of Transportation, and New York City Economic Development Corporation for summary judgment dismissing the amended complaint insofar as asserted against them. The amended order, insofar as appealed from, granted that branch of the motion of the defendant Triumph Construction Corp. which was for summary judgment dismissing the amended complaint insofar as asserted against it.
ORDERED that the orders entered September 13, 2018, and October 2, 2018, are affirmed; and it is further,
ORDERED that the amended order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.
These appeals arise out of a single-vehicle accident that occurred on an exit ramp of the Queensboro Bridge South Outer Roadway on March 28, 2011. The factual background is set forth in greater detail in our decision in Riddell v City of New York (___ AD3d ____ [decided herewith]). The plaintiff Melissa Cohen was a passenger in the vehicle driven by the defendant Norman Grant Riddell and sustained injuries as a result of the accident.
Cohen, and her husband suing derivatively, commenced this consolidated action against, among others, the defendants City of New York, New York City Department of Transportation (hereinafter NYCDOT), New York City Economic Development Corporation (hereinafter EDC), LiRo Engineering, Inc. (hereinafter LiRo), and Triumph Construction Corp. (hereinafter Triumph), inter alia, to recover damages for personal injuries. The pleadings alleged, among other things, that the defendants were negligent in the operation and control of the roadway, in failing to properly design the roadway, in failing to conduct proper analysis of traffic at the subject location, in failing to properly implement traffic patterns and roadway designs, in failing to provide alternate traffic patterns, and in failing to post proper warning devices. Following the completion of discovery, the City, NYCDOT, and EDC (hereinafter collectively the City defendants) moved for summary judgment dismissing the amended complaint insofar as asserted against them. LiRo, the resident engineer at or near the site where the accident occurred, separately moved for summary judgment dismissing the amended complaint insofar as asserted against it. Triumph, the construction contractor at or near the site where the accident occurred, separately moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against it. In an order entered September 13, 2018, the Supreme Court granted the City defendants' motion. In an order entered October 2, 2018, the court granted LiRo's motion. In an amended order entered November 1, 2018, the court, inter alia, granted that branch of Triumph's motion which was for summary judgment dismissing the amended complaint insofar as asserted against it. Cohen appeals from the orders and the amended order.
The Supreme Court properly granted LiRo's motion for summary judgment dismissing the amended complaint insofar as asserted against it and that branch of Triumph's motion which was for summary judgment dismissing the amended complaint insofar as asserted against it on the ground that "a contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party" (Espinal v Melville Snow Contrs., 98 NY2d 136, 138). An exception to this general rule applies "where the contracting party, in failing to exercise reasonable care in the performance of [its] duties, launche[s] a force or instrument of harm" or "creates or exacerbates a dangerous condition" (id. at 140, 142 [internal quotation marks omitted]; see Canciani v Stop & Shop Supermarket Co., LLC, 203 AD3d 1011, 1011). Here, the evidence submitted by Triumph and LiRo in support of their respective motions established, prima facie, that neither launched an instrument of harm or created or exacerbated a dangerous condition alleged to have caused the accident (see Rodriguez v Palacio, 199 AD3d 728, 728; Cortes v City of New York, 188 AD3d 643, 644). In opposition, Cohen failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
The Supreme Court properly granted that branch of the City defendants' motion which was for summary judgment dismissing so much of the amended complaint as alleged negligence with respect to the planning and design of the exit ramp insofar as asserted against the City and NYCDOT on the ground of qualified immunity, for the reasons set forth in Riddell v City of New York (___ AD3d ___).
Furthermore, the City defendants, LiRo, and Triumph each established, prima facie, that they neither created nor exacerbated any dangerous condition with respect to the exit ramp that allegedly caused the accident, and that Riddell's own negligence in operating his vehicle while intoxicated and at a high rate of speed was the sole proximate cause of the accident (see id.). In support of their respective motions, the City defendants, LiRo, and Triumph submitted evidence sufficient to establish, prima facie, that Riddell's own actions were the sole proximate cause of the accident, and Cohen failed to raise a triable issue of fact in opposition (see id.).
The parties' remaining contentions need not be reached in light of our determination.
DILLON, J.P., IANNACCI, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court