Calle v 16th Ave. Grocery, Inc. (2023 NY Slip Op 04104)

Calle v 16th Ave. Grocery, Inc.

2023 NY Slip Op 04104

Decided on August 2, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 2, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-06797
 (Index No. 512147/14)

[*1]Gloria Cecilia Diez Calle, plaintiff,
v
16th Avenue Grocery, Inc., et al., respondents, Kemach Food Products Corp., appellant, et al., defendants.

James J. Toomey, New York, NY (Evy L. Kazansky of counsel), for appellant.
Newman Law Associates, PLLC, New York, NY (Jon E. Newman and Greg P. Bakos of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Kemach Food Products Corp. appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated August 13, 2020. The order denied that defendant's motion for summary judgment dismissing the third amended complaint and all cross-claims insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Kemach Food Products Corp. for summary judgment dismissing the third amended complaint and all cross-claims insofar as asserted against it is granted.
In January 2014, the plaintiff allegedly was injured when she tripped and fell over a box located on the sidewalk abutting a grocery store, which was owned and operated by the defendants Einhorn Herman and 16th Avenue Grocery, Inc. (hereinafter together the Einhorn defendants), located in Brooklyn. Subsequently, the plaintiff commenced this action against the Einhorn defendants and the defendant Kemach Food Products Corp. (hereinafter Kemach), among others, to recover damages for personal injuries, alleging, inter alia, that Kemach created the alleged dangerous condition by improperly stacking boxes on the sidewalk. The Einhorn defendants asserted cross-claims against Kemach for contribution and common-law indemnification.
As relevant here, Kemach, a wholesale vendor who distributed food to various grocery stores, including the subject grocery store, moved for summary judgment dismissing the third amended complaint and all cross-claims insofar as asserted against it. Kemach argued that it did not owe a duty of care to the plaintiff, and that it did not create the alleged dangerous condition. In an order dated August 13, 2020, the Supreme Court denied Kemach's motion. Kemach appeals.
Generally, a contractual obligation, standing alone, will not give rise to tort liability in favor of a third party (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140; Forbes v Equity One Northeast Portfolio, Inc., 212 AD3d 780, 781). "However, a party that enters into a contract to render services may be said to have assumed a duty of care, and thus, be potentially liable in tort to third persons, where (1) the contracting party, in failing to exercise reasonable care in the [*2]performance of its duties, launches a force or instrument of harm, (2) the plaintiff detrimentally relies on the continued performance of the contracting party's duties, or (3) the contracting party has entirely displaced the other party's duty to maintain the premises safely" (Martinelli v Dublin Deck, Inc., 198 AD3d 635, 637; see Espinal v Melville Snow Contrs., 98 NY2d at 140; Forbes v Equity One Northeast Portfolio, Inc., 212 AD3d at 781).
Where the pleadings do not allege facts which would establish the applicability of any of the Espinal exceptions, a defendant is not required to affirmatively demonstrate that the exceptions do not apply in order to establish its prima facie entitlement to judgment as a matter of law (see Forbes v Equity One Northeast Portfolio, Inc., 212 AD3d at 781-782; Canciani v Stop & Shop Supermarket Co., LLC, 203 AD3d 1011, 1013; Martinelli v Dublin Deck, Inc., 198 AD3d at 637). However, where any of the Espinal exceptions are alleged in the complaint or the bill of particulars, the defendant is required to demonstrate that those exceptions do not apply in order to establish its prima facie entitlement to judgment as a matter of law (see Conrad v Global Indus. Servs., Inc., 180 AD3d 868, 869; Nachamie v County of Nassau, 147 AD3d 770, 774; Perry-Renwick v Giovanni Macchia Landscaping & Gardening, Inc., 136 AD3d 772, 773).
The bill of particulars, construed in the light most favorable to the plaintiff, alleged, inter alia, that the first Espinal exception applies here as it concerns Kemach. Thus, in support of its motion, Kemach was required to establish, prima facie, that it did not create the alleged dangerous condition (see Espinal v Melville Snow Contrs., 98 NY2d at 140; Conrad v Global Indus. Servs., Inc., 180 AD3d at 869; Perry-Renwick v Giovanni Macchia Landscaping & Gardening, Inc., 136 AD3d at 773). The evidence submitted by Kemach in support of its motion established, prima facie, that not only was the plaintiff not a party to any agreement between Kemach and the Einhorn defendants concerning the delivery of merchandise to the grocery store (see Forbes v Equity One Northeast Portfolio, Inc., 212 AD3d at 782), it neither launched an instrument of harm nor created or exacerbated the alleged dangerous condition that caused the accident (see Cohen v City of New York, 209 AD3d 830, 832; Rodriguez v Palacio, 199 AD3d 728, 728; Cortes v City of New York, 188 AD3d 643, 644). This prima facie showing was established by, among other things, the plaintiff's deposition testimony in which she stated that when she tripped over the box on the sidewalk, an employee of the grocery store was packing or filling it.
"[A] party moving for summary judgment dismissing a common-law indemnification claim can meet its prima facie burden by establishing that the plaintiff's accident was not due to its own negligence" (Zong Wang Yang v City of New York, 207 AD3d 791, 796 [internal quotation marks omitted]). Similarly, a party moving for summary judgment dismissing a claim for contribution must make a prima facie showing that it did not owe a duty of reasonable care independent of any contractual obligations, or a duty of reasonable care to the plaintiff (see Keller v Rippowam Cisqua Sch., 208 AD3d 654, 656; Morris v Home Depot USA, 152 AD3d 669, 673; Guerra v St. Catherine of Sienna, 79 AD3d 808, 809). Here, the evidence submitted in support of Kemach's motion established, prima facie, that it owed no duty to the plaintiff and that the accident was not caused by any negligence on its part. As such, Kemach also established its prima facie entitlement to judgment as a matter of law dismissing the cross-claims asserted against it by the Einhorn defendants for contribution and common-law indemnification.
In opposition, the plaintiff did not oppose Kemach's motion, and the Einhorn defendants failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Accordingly, the Supreme Court should have granted Kemach's motion for summary judgment dismissing the third amended complaint and all cross-claims insofar as asserted against it.
DILLON, J.P., MALTESE, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court