Venza v Catholic Charities of the Diocese of Rockville Ctr. (2025 NY Slip Op 00899)

Venza v Catholic Charities of the Diocese of Rockville Ctr.

2025 NY Slip Op 00899

Decided on February 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
CHERYL E. CHAMBERS
LOURDES M. VENTURA, JJ.

2021-01918
 (Index No. 602082/16)

[*1]Diane Venza, respondent, 
v
Catholic Charities of the Diocese of Rockville Centre, defendant third-party plaintiff, Roman Catholic Church of Saint Sylvester, defendant third-party plaintiff appellant-respondent; Property Pro Landscaping Design, Inc., third-party defendant respondent-appellant.

Patrick F. Adams, P.C., Great River, NY (Joseph M. Nador of counsel), for defendant third-party plaintiff appellant-respondent.
Smith Sovik Kendrick & Sugnet, P.C., Uniondale, NY (Kenneth T. Boyd of counsel), for third-party defendant respondent-appellant.
Rosenberg & Gluck, LLP, Holtsville, NY (Erin M. Hargis of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant third-party plaintiff Roman Catholic Church of Saint Sylvester appeals and the third-party defendant cross-appeals, from an order of the Supreme Court, Suffolk County (Linda J. Kevins, J.), dated February 17, 2021. The order, insofar as appealed from, denied those branches of the defendant third-party plaintiffs' motion which were for summary judgment dismissing the complaint insofar as asserted against the defendant third-party plaintiff Roman Catholic Church of Saint Sylvester or, in the alternative, for summary judgment on the third-party cause of action for contractual indemnification insofar as asserted by that defendant third-party plaintiff. The order, insofar as cross-appealed from, denied the third-party defendant's motion for summary judgment dismissing the complaint and the third-party complaint insofar as asserted by the defendant third-party plaintiff Roman Catholic Church of Saint Sylvester.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable to the plaintiff by the defendant third-party plaintiff Roman Catholic Church of Saint Sylvester and the third-party defendant.
In January 2015, the plaintiff allegedly was injured when she slipped and fell on ice while walking in the parking lot of the defendant third-party plaintiff Roman Catholic Church of Saint Sylvester (hereinafter St. Sylvester) in Medford. In February 2016, the plaintiff commenced this action against St. Sylvester and the defendant third-party plaintiff Catholic Charities of the Diocese of Rockville Centre (hereinafter together the defendants) to recover damages for personal injuries. Thereafter, the defendants commenced a third-party action against the third-party defendant, Property Pro Landscaping Design, Inc. (hereinafter Property Pro), the company St. Sylvester had contracted with for snow removal services, asserting causes of action for contractual [*2]and common-law indemnification and for contribution.
The defendants moved for summary judgment dismissing the complaint, or, in the alternative, for summary judgment on the third-party cause of action for contractual indemnification. Property Pro moved for summary judgment dismissing the complaint and the third-party complaint. In an order dated February 17, 2021, the Supreme Court, inter alia, denied those branches of the defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against St. Sylvester or, in the alternative, for summary judgment on the third-party cause of action for contractual indemnification insofar as asserted by St. Sylvester, and denied those branches of Property Pro's motion which were for summary judgment dismissing the complaint and the third-party complaint insofar as asserted by St. Sylvester. St. Sylvester appeals and Property Pro cross-appeals.
"In general, a real property owner or a party in possession or control of real property will be held liable for a slip-and-fall accident involving snow and ice on its property only when it created the dangerous condition which caused the accident or had actual or constructive notice [of it]" (Canciani v Stop & Shop Supermarket Co., LLC, 203 AD3d 1011, 1014 [internal quotation marks omitted]; see Cerar v Jefferson Valley Mall L.P., 225 AD3d 738). "Thus, [i]n a premises liability case, a defendant property owner who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the allegedly dangerous condition nor had actual or constructive notice of its existence" (Canciani v Stop & Shop Supermarket Co., LLC, 203 AD3d at 1014 [internal quotation marks omitted]).
However, "[a] landowner will not be held liable for injuries sustained as a result of slippery conditions that occur during an ongoing storm, or for a reasonable time thereafter" (Pennino v Brooklyn Kings Plaza, LLC, 186 AD3d 1701, 1702). "To be entitled to summary judgment dismissing the complaint, the defendant's prima facie burden may be met by presenting evidence that there was a storm in progress when the plaintiff allegedly slipped and fell" (Cerar v Jefferson Valley Mall L.P., 225 AD3D at 739 [internal quotation marks omitted]).
The Supreme Court properly determined that both St. Sylvester and Property Pro failed to establish their prima facie entitlements to judgment as a matter of law dismissing the complaint under the storm-in-progress rule. The evidence submitted in support of the motions, which included, among other things, copies of the transcripts of the deposition testimony of the plaintiff and the pastor of St. Sylvester, failed to establish that the ice upon which the plaintiff slipped and fell was the result of the ongoing storm as opposed to the accumulation of ice from the prior snowfall two days earlier (see Cardona v City of New York, 222 AD3d 711, 712; Stukes v New York City Housing Authority, 203 AD3d 980, 981; Taormina-Fucci v 100-02 Rockaway Blvd. 26, LLC, 201 AD3d 766, 767). Moreover, contrary to St. Sylvester's contention, the evidence it submitted failed to establish, as a matter of law, that it lacked constructive notice of the condition (see Cardona v City of New York, 222 AD3d at 712; Licari v Brookside Meadows, LLC, 214 AD3d 780, 782).
Since both St. Sylvester and Property Pro failed to meet their initial burden as the movants, it is unnecessary to consider the sufficiency of the plaintiff's papers in opposition to both motions (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The Supreme Court also properly denied that branch of the defendants' motion which was for summary judgment on the third-party cause of action for contractual indemnification insofar as asserted by St. Sylvester as well as that branch of Property Pro's motion which was for summary judgment dismissing the third-party complaint insofar as asserted by St. Sylvester. "The right to contractual indemnification depends upon the specific language of the contract" (Zapototsky v Ascape Landscape & Constr. Corp., 221 AD3d 1055, 1056 [internal quotation marks omitted]; see Cedillo v Nautilus Realty Ltd. Partnership, 219 AD3d 1300, 1301). "The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances" (Guiles v Vassar Bros. Hosp., 221 AD3d 666, 667 [internal quotation marks omitted]; see Chapa v Bayles Props., Inc., 221 AD3d 855, 857). Further, [*3]"[a] party moving for summary judgment dismissing a common-law indemnification claim can meet its prima facie burden by establishing that the plaintiff's accident was not due to its own negligence" (Calle v 16th Ave. Grocery, Inc., 219 AD3d 450, 452 [internal quotation marks omitted).
St. Sylvester and Property Pro failed to meet their respective prima facie burdens of demonstrating their entitlement to judgment as a matter of law regarding St. Sylvester's claim for contractual indemnification. Here, a hold harmless agreement between St. Sylvester and Property Pro provided, inter alia, that Property Pro would "indemnify and save harmless" St. Sylvester from "any and all liability, claims, judgments, demands, damages, losses, [and] costs" arising "directly or indirectly out of the activities, performance or non-performance of the work" of Property Pro. Both parties failed to eliminate triable issues of fact as to whether the plaintiff's claim related to or resulted from Property Pro's performance or failure to perform its services under the contract (see Zapototsky v Ascape Landscape & Constr. Corp., 221 AD3d at 1056; Cedillo v Nautilus Realty Ltd. Partnership, 219 AD3d at 1301).
Contrary to Property Pro's contention, the hold harmless agreement remained in effect at the time of the plaintiff's accident. "Unless a contract expressly provides for perpetual performance, the law will not imply that a contract calling for continuing performance is perpetual in duration. Moreover, [i]n the absence of an express term fixing the duration of a contract, the courts may inquire into the intent of the parties and supply the missing term if a duration may be fairly and reasonably fixed by the surrounding circumstances and the parties' intent" (Better Living Now, Inc. v Image Too, Inc., 67 AD3d 940, 941 [citations and internal quotation marks omitted]; see Haines v City of New York, 41 NY2d 769, 772). Here, while the hold harmless agreement, which was signed in January 2014, contained no express term fixing the duration of the contract, it is undisputed that Property Pro was providing snow removal services for both the 2013/2014 and 2014/2015 winter seasons. It is fair and reasonable to for the duration of the hold harmless agreement to cover the entirety of the term of the snow removal service agreement (see Haines v City of New York, 41 NY2d at 772).
However, the evidence proffered by St. Sylvester and Property Pro in support of their motions reflected triable issues of fact as to whether the ice upon which the plaintiff fell developed after Property Pro had already fully completed its services under the contract and had no reason to know about the condition and no obligation to monitor for it (see Zapototsky v Ascape Landscape & Constr. Corp., 221 AD3d at 1056).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., GENOVESI, CHAMBERS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court