Lorusso v M & S Levy Realty, LLC (2025 NY Slip Op 06162)

Lorusso v M & S Levy Realty, LLC

2025 NY Slip Op 06162

Decided on November 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
PHILLIP HOM, JJ.

2024-09599
 (Index No. 516934/19)

[*1]Michael Lorusso, plaintiff, 
v
M & S Levy Realty, LLC, defendant third-party plaintiff-respondent; Advanced Transit Mix Corp., third-party defendant, All American Transit Mix Corp., third-party defendant- appellant.

Ondrovic & Platek, PLLC, White Plains, NY (Robert M. Lefland of counsel), for third-party defendant-appellant.
Eric D. Feldman, New York, NY (Evy Kazansky of counsel), for defendant third-party plaintiff-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the third-party defendant All American Transit Mix Corp. appeals from an order of the Supreme Court, Kings County (Katherine A. Levine, J.), dated May 20, 2024. The order, insofar as appealed from, denied that branch of the third-party defendants' motion which was for summary judgment dismissing the third-party complaint insofar as asserted against the third-party defendant All American Transit Mix Corp.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the third-party defendants' motion which was for summary judgment dismissing the third-party complaint insofar as asserted against the third-party defendant All American Transit Mix Corp. is granted.
In August 2019, the plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when he slipped and fell while ascending an exterior metal staircase on property owned by the defendant third-party plaintiff, M & S Levy Realty, LLC (hereinafter M & S). M & S commenced a third-party action against the third-party defendant Advanced Transit Mix Corp. (hereinafter Advanced), the plaintiff's employer and a tenant at the property, and the third-party defendant All American Transit Mix Corp. (hereinafter All American), asserting third-party causes of action for contribution, common-law indemnification, and contractual indemnification, and alleging breach of contract for failure to procure insurance. Thereafter, the third-party defendants moved for summary judgment dismissing the third-party complaint, arguing, inter alia, that All American had no connection to the property at the time of the accident. In an order dated May 20, 2024, the Supreme Court, among other things, denied that branch of the motion which was for summary judgment dismissing the third-party complaint insofar as asserted against All American. All American appeals.
Liability for a dangerous condition on property is generally predicated upon ownership, occupancy, control, or special use of the property (see Toner v Trader Joe's E., Inc., 209 [*2]AD3d 690, 692; Donatien v Long Is. Coll. Hosp., 153 AD3d 600, 600-601). "In order to establish a claim for common-law indemnification, a party must prove not only that it was not negligent, but also that the proposed indemnitor's actual negligence contributed to the accident" (Zong Wang Yang v City of New York, 207 AD3d 791, 796 [internal quotation marks omitted]; see Meadowbrook Pointe Dev. Corp. v F & G Concrete & Brick Indus., Inc., 214 AD3d 965, 969). "A party moving for summary judgment dismissing a common-law indemnification claim can meet his or her prima facie burden by establishing that the accident was not due to his or her own negligence" (G.F. v Epstein, 226 AD3d 870, 871; see Calle v 16th Ave. Grocery, Inc., 219 AD3d 450, 452). "Similarly, a party moving for summary judgment dismissing a claim for contribution must make a prima facie showing that it did not owe a duty of reasonable care independent of any contractual obligations, or a duty of reasonable care to the plaintiff" (Calle v 16th Ave. Grocery, Inc., 219 AD3d at 452).
Here, the third-party defendants demonstrated, prima facie, that All American did not own, occupy, control, or make special use of the area where the accident occurred, and that it did not create the alleged dangerous condition (see Engelman v County of Suffolk, 214 AD3d 769, 770; Pantaleo v Bellerose Senior Hous. Dev. Fund Co., Inc., 147 AD3d 777, 778). In opposition, M & S failed to raise a triable issue of fact as to whether All American was negligent and whether it owed a duty of care to the plaintiff (see Calle v 16th Ave. Grocery, Inc., 219 AD3d at 452). Accordingly, the Supreme Court should have granted those branches of the third-party defendants' motion which were for summary judgment dismissing the third-party causes of action for contribution and common-law indemnification insofar as asserted against All American.
The Supreme Court also should have granted those branches of the third-party defendants' motion which were for summary judgment dismissing the third-party causes of action for contractual indemnification and alleging breach of contract for failure to procure insurance insofar as asserted against All American. The third-party defendants established, prima facie, that All American did not enter into a lease or contract with M & S during the relevant time period (see Pantaleo v Bellerose Senior Hous. Dev. Fund Co., Inc., 147 AD3d at 778). In opposition, M & S failed to raise a triable issue of fact. An unsigned lease agreement between All American and M & S, submitted by M & S in opposition to the motion, was unenforceable under the statute of frauds (see General Obligations Law § 5-703[2]; Olim Realty v Lanaj Home Furnishings, 65 AD3d 1318, 1319). Moreover, the lease term under this lease agreement began on January 1, 2017, more than two months after the plaintiff's accident (see Jardin v A Very Special Place, Inc., 138 AD3d 927, 931).
M & S's remaining contention is without merit.
CONNOLLY, J.P., WOOTEN, FORD and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court