■ JANICE ROBINSON, Respondent, v CITY OF NEW YORK, Respondent, and CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., et al., Appellants. [794 NYS2d 378]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered December 19, 2003, which denied the motion of defendant Roadway Contracting, Inc. and the respective cross motions of defendants Consolidated Edison Company of New York, Inc. and City-Wide Asphalt Paving Co. for summary judgment dismissing the complaint, unanimously reversed, without costs, the motion and cross motions granted, and the complaint dismissed as to these defendants. The Clerk is directed to enter judgment accordingly.

Plaintiff sustained personal injuries when she slipped and fell due to an alleged defect in the road while crossing 67th Street between 1st and 2nd Avenues. Prior to the accident, defendant Consolidated Edison Company of New York, Inc. (Con Ed) contracted with defendant Roadway Contracting, Inc. (Roadway) and defendant City-Wide Asphalt Paving Co. (City-Wide) to perform work and services on 67th Street between First and Second Avenues. The evidence presented demonstrated that approximately 10 months earlier, Roadway made three openings (cuts) in the street, two in the north curb lane and one in the south curb lane. City-Wide repaired and restored the excavation. At her deposition, plaintiff unequivocally marked the exact location of her fall, which was in the middle of the three lanes

comprising the 27-foot-wide street. There is no proof in the record whatsoever that Roadway or City-Wide performed any work in the center lane where plaintiff identified the site of her accident.

It is well settled that the proponent of a motion for summary judgment must establish that there are no material issues of fact in dispute and that it is entitled to judgment as a matter of law (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *10 E. 70th St., Inc. v Gimbel*, 309 AD2d 644 [2003]). Defendants Con Ed, Roadway and City-Wide have demonstrated their entitlement to judgment. The burden then shifted to plaintiff to present evidentiary facts sufficient to raise a genuine, triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Plaintiff must demonstrate the existence of "facts and conditions from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred" (*Schneider v Kings Highway Hosp. Ctr.*, 67 NY2d 743, 744 [1986] [internal quotation marks omitted]). The proof, however, must be sufficient to permit a finding of proximate cause "based not upon speculation, but upon the logical inferences to be drawn from the evidence" (*id.*).

In this case, the record contains no evidence whatsoever that these defendants ordered or performed any excavation or road work where plaintiff fell. The speculative assertions by plaintiff are insufficient to raise a question of fact about whether the repair and excavation work performed by these defendants many months prior in the curb lanes, away from the location of plaintiff's fall as identified by plaintiff herself in photographs at her deposition, caused her injuries. Absent some evidence connecting defendants' work to the situs of plaintiff's injury, these defendants are entitled to summary judgment (*see Cibener v City of New York*, 268 AD2d 334, 334-335 [2000]). Concur—Tom, J.P., Andrias, Williams, Gonzalez and Catterson, JJ.