◼ TALENE PERRY-RENWICK, Respondent, v GIOVANNI MACCHIA LANDSCAPING & GARDENING, INC., Appellant. [26 NYS3d 91]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Lewis, J.), dated May 15, 2015, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On January 10, 2011, the plaintiff was walking on the roof

level of a garage in Brooklyn owned by nonparty Maimonides Hospital when she allegedly slipped and fell on a large patch of ice. At the time of the accident, the plaintiff was employed by Maimonides Hospital as a registered nurse, and the defendant had an oral agreement with Maimonides Hospital to remove snow from the garage in question.

The Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. The plaintiff alleged facts in her pleadings in support of her allegation that the defendant created or exacerbated an alleged dangerous condition. In support of its motion for summary judgment, the defendant was, therefore, required to establish, prima facie, that it did not create or exacerbate an alleged dangerous condition (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]; *Harris v Lanai House, Inc.*, 111 AD3d 603, 603-604 [2013]; *Benavides v 30 Brooklyn, LLC*, 96 AD3d 889, 890 [2012]; *Gushin v Whispering Hills Condominium I*, 96 AD3d 721, 722 [2012]). The defendant failed to establish, prima facie, that it did not create or exacerbate a dangerous condition and, thus, launch a force or instrument of harm (*see Harris v Lanai House, Inc.*, 111 AD3d at 603-604). Since the defendant failed to make a prima facie showing of entitlement to judgment as a matter of law, we need not examine the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Rivera, J.P., Dillon, Roman and Duffy, JJ., concur.