Conrad v Global Indus. Servs., Inc. (2020 NY Slip Op 01143)





Conrad v Global Indus. Servs., Inc.


2020 NY Slip Op 01143


Decided on February 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
COLLEEN D. DUFFY
BETSY BARROS
PAUL WOOTEN, JJ.


2017-07252
 (Index No. 1979/14)

[*1]Edmond Conrad, et al., plaintiffs-appellants-respondents,
v
Global Industrial Services, Inc., defendant-appellant, Ric'etta Construction, Inc., defendant-respondent, et al., defendant.


Fine, Olin & Anderman, LLP (Finkelstein & Partners, LLP, Newburgh, NY [George A. Kohl II], of counsel), for plaintiffs-appellants-respondents.
Shantz & Belkin, Latham, NY (Derek L. Hayden of counsel), for defendant-appellant.
Boeggeman, Corde, Ondrovic & Hurley, P.C., White Plains, NY (Karen A. Ondrovic of counsel), for defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal, and the defendant Global Industrial Services, Inc., separately appeals, from an order of the Supreme Court, Dutchess County (Maria G. Rosa, J.), dated May 23, 2017. The order, insofar as appealed from by the plaintiffs, granted that branch of the motion of the defendant Ric'etta Construction, Inc., which was for summary judgment dismissing the amended complaint insofar as asserted against it. The order, insofar as appealed from by the defendant Global Industrial Services, Inc., denied that branch of its motion which was for summary judgment dismissing the amended complaint insofar as asserted against it.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Ric'etta Construction, Inc., which was for summary judgment dismissing the amended complaint insofar as asserted against it, and substituting therefor a provision denying that branch of its motion; as so modified, the order is affirmed insofar as appealed from by the defendant Global Industrial Services, Inc., with one bill of costs to the plaintiffs payable by the defendants Ric'etta Construction, Inc., and Global Industrial Services, Inc.
On December 16, 2013, between 7:30 and 8:00 a.m., the plaintiff Edmond Conrad (hereinafter the injured plaintiff) was walking in the parking lot of a Verizon building in Newburgh when he allegedly slipped and fell on ice. Verizon owned the premises. At that time, the plaintiff was a Verizon employee, and was leaving a meeting that had taken place in the building. It is undisputed that at the time of the subject accident, the defendant Cushman & Wakefield, Inc. (hereinafter Cushman), had a facilities management contract with Verizon to perform janitorial services, grounds work, and snow and ice removal at the Verizon property. It is further undisputed that Cushman subcontracted its obligation to perform snow and ice removal services to the defendant [*2]Global Industrial Services, Inc. (hereinafter Global), which, in turn, subcontracted with the defendant Ric'etta Construction, Inc. (hereinafter Ric'etta), to perform the snow and ice removal services at the premises.
The injured plaintiff, and his wife, Cherie Conrad (hereinafter together the plaintiffs), suing derivatively, commenced the instant action against, among others, Global and Ric'etta, inter alia, to recover damages for personal injuries. They alleged, among other things, that the defendants were negligent in that they created the ice condition alleged. Global moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against it. Ric'etta thereafter moved, among other things, for summary judgment dismissing the amended complaint insofar as asserted against it. The Supreme Court denied Global's motion for summary judgment and granted that branch of Ric'etta's motion which was for summary judgment dismissing the amended complaint insofar as asserted against it. The plaintiffs appeal from so much of the order as granted that branch of Ric'etta's motion which was for summary judgment dismissing the amended complaint insofar as asserted against it. Global separately appeals from so much of the same order as denied that branch of its motion which was for summary judgment dismissing the amended complaint insofar as asserted against it.
The plaintiffs alleged facts in their amended complaint and bill of particulars in support of their allegation that Global and/or Ric'etta created the alleged dangerous condition that caused the injured plaintiff to fall. Contrary to the assertions of Global and Ric'etta, in support of those branches of their respective motions which were for summary judgment dismissing the amended complaint insofar as asserted against each of them, they were, therefore, each required to establish, prima facie, that it did not create the dangerous condition alleged (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140; Perry-Renwick v Giovanni Macchia Landscaping & Gardening, Inc., 136 AD3d 772, 773). While we agree with the Supreme Court's determination that Global, in support of its motion, failed to demonstrate that it did not create the dangerous condition alleged here, we disagree with the court's determination that Ric'etta established, prima facie, that it did not create the condition alleged. The evidence submitted in support of both motions, which included a transcript of the injured plaintiff's deposition testimony that "they" (i.e., Global and Ric'etta) had been working on the parking lot prior to the occurrence, failed to demonstrate that either Global or Ric'etta did not create the dangerous condition that allegedly caused the injured plaintiff to slip and fall (see Nachamie v County of Nassau, 147 AD3d 770, 774; Perry-Renwick v Giovanni Macchia Landscaping & Gardening, Inc., 136 AD3d at 772). Since neither Global nor Ric'etta established its respective prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against each of them, it is unnecessary for this Court to address the sufficiency of the opposition papers with respect to those motions (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851).
In light of our determination, we need not address the parties' remaining contentions.
Accordingly, we agree with the Supreme Court's determination to deny that branch of Global's motion which was for summary judgment dismissing the amended complaint insofar as asserted against it, and the court also should have denied that branch of Ric'etta's motion which was for summary judgment dismissing the amended complaint insofar as asserted against it.
SCHEINKMAN, P.J., DUFFY, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court