Camelio v Shady Glen Owners' Corp. (2023 NY Slip Op 04105)

Camelio v Shady Glen Owners' Corp.

2023 NY Slip Op 04105

Decided on August 2, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 2, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-08857
 (Index No. 60248/18)

[*1]Kathleen Camelio, et al., appellants,
v
Shady Glen Owners' Corp., et al., defendants, DeBartolo Landscaping, Inc., respondent (and a third-party action).

Harry I. Katz, P.C. (Shayne, Dachs, New York, NY [Jonathan A. Dachs], of counsel) for appellants.
Smith Sovik Kendrick & Sugnet, P.C., White Plains, NY (Cary S. Nosowitz of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (James W. Hubert, J.), dated October 22, 2020. The order, insofar as appealed from, granted that branch of the motion of the defendant DeBartolo Landscaping, Inc., which was for summary judgment dismissing the amended complaint insofar as asserted against it, and denied that branch of the plaintiffs' cross-motion which was for summary judgment on the issue of the liability against that defendant.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant DeBartolo Landscaping, Inc., which was for summary judgment dismissing the amended complaint insofar as asserted against it, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiffs, payable by the defendant DeBartolo Landscaping, Inc.
In June 2018, the plaintiff Kathleen Camelio (hereinafter the injured plaintiff) allegedly fell as a result of a raised portion of pavement adjacent to a crosswalk on Shady Glen Court, a private road, at or near its intersection with Pelham Road, a public street, in the City of New Rochelle. At the time of the accident, Shady Glen Court was privately owned by the defendant Shady Glen Owners' Corp. (hereinafter Shady Glen), and the defendant Librett Estate Group, Inc. (hereinafter Librett), was Shady Glen's property manager. Prior to the accident, the defendant DeBartolo Landscaping, Inc. (hereinafter DeBartolo Landscaping), was contractually retained by Shady Glen to resurface Shady Glen Court.
The injured plaintiff, and her husband suing derivatively, commenced this action against Shady Glen, Librett, and DeBartolo Landscaping, inter alia, to recover damages for personal injuries, alleging that the defendants were negligent in, among other things, repairing/repaving the road at issue and in creating a dangerous condition. Subsequently, DeBartolo Landscaping moved for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted [*2]against it, and the plaintiffs cross-moved, among other things, for summary judgment on the issue of liability against DeBartolo Landscaping.
By order dated October 22, 2020, the Supreme Court, inter alia, granted that branch of DeBartolo Landscaping's motion which was for summary judgment dismissing the amended complaint insofar as asserted against it, and denied that branch of the plaintiffs' cross-motion which was for summary judgment on the issue of liability against DeBartolo Landscaping. The plaintiffs appeal.
The Supreme Court should have denied that branch of DeBartolo Landscaping's motion which was for summary judgment dismissing the amended complaint insofar as asserted against it. Generally, a contractual obligation, standing alone, will not give rise to tort liability in favor of a third party (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140; Forbes v Equity One Northeast Portfolio, Inc., 212 AD3d 780). "However, a party that enters into a contract to render services may be said to have assumed a duty of care, and thus, be potentially liable in tort to third persons, where (1) the contracting party, in failing to exercise reasonable care in the performance of its duties, launches a force or instrument of harm, (2) the plaintiff detrimentally relies on the continued performance of the contracting party's duties, or (3) the contracting party has entirely displaced the other party's duty to maintain the premises safely" (Martinelli v Dublin Deck, Inc., 198 AD3d 635, 637; see Espinal v Melville Snow Contrs., 98 NY2d at 140; Forbes v Equity One Northeast Portfolio, Inc., 212 AD3d at 781).
Where the plaintiffs allege facts in their pleadings or bill of particulars which would establish the applicability of any of the Espinal exceptions, a defendant is required to affirmatively demonstrate that the exceptions do not apply in order to establish its prima facie entitlement to judgment as a matter of law (see Conrad v Global Indus. Servs., Inc., 180 AD3d 868, 869; Perry-Renwick v Giovanni Macchia Landscaping & Gardening, Inc., 136 AD3d 772, 773; cf. Forbes v Equity One Northeast Portfolio, Inc., 212 AD3d at 781-782).
Here, the plaintiffs pleaded in their amended complaint and bill of particulars that DeBartolo Landscaping created the alleged dangerous condition that caused the injured plaintiff to fall as a result of, among other things, failing to properly repave the area. Therefore, DeBartolo Landscaping, in support of that branch of its motion which was for summary judgment dismissing the amended complaint insofar as asserted against it, had to establish, prima facie, that it did not create the dangerous or defective condition alleged (see Espinal v Melville Snow Contrs., 98 NY2d at 140; Conrad v Global Indus. Servs., Inc., 180 AD3d at 870; Perry-Renwick v Giovanni Macchia Landscaping & Gardening, Inc., 136 AD3d at 773; Harris v Lanai House, Inc., 111 AD3d 603, 603). This DeBartolo Landscaping failed to do. When the evidence submitted in support of its motion is viewed in the light most favorable to the plaintiffs (see Sage v Taylor, 195 AD3d 971, 972; Gobin v Delgado, 142 AD3d 1134, 1136; Stukas v Streiter, 83 AD3d 18, 23), said evidence reveals, among other things, that DeBartolo Landscaping resurfaced Shady Glen Court in the area of the crosswalk prior to the subject accident, and that the resurfacing, which involved the application of new asphalt on top of the existing pavement, immediately resulted in a lip or elevation differential at the seam between the existing pavement and new asphalt. Thus, this evidence failed to demonstrate that Debartolo Landscaping did not create the alleged dangerous condition that caused the injured plaintiff to fall (see Nachamie v County of Nassau, 147 AD3d 770, 774; Perry-Renwick v Giovanni Macchia Landscaping & Gardening, Inc., 136 AD3d at 772; Harris v Lanai House, Inc., 111 AD3d at 603-604).
Moreover, the evidence proffered by DeBartolo Landscaping in support of its motion, which included photographs identified by the injured plaintiff as depicting the condition at issue, was inconclusive as to whether the condition alleged was trivial and not actionable as a matter of law (see Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 83).
Since DeBartolo Landscaping failed to establish its prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against it, we need not address the sufficiency of the papers submitted by the plaintiffs in opposition to that branch of [*3]DeBartolo Landscaping's motion (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The Supreme Court properly denied that branch of the plaintiffs' cross-motion which was for summary judgment on the issue of the liability against DeBartolo Landscaping. "A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Marazita v City of New York, 202 AD3d 951, 952 [internal quotation marks omitted]; see McDonnell v Our Lady of Mercy R.C. Church, 209 AD3d 729, 730; see also Rodriguez v City of New York, 31 NY3d 312).
Here, based upon the evidence proffered in support of the cross-motion, which included the deposition testimony of the parties, as well as photographs depicting the condition at issue, a question of fact exists as to whether DeBartolo Landscaping "launched a force or instrument of harm," i.e., created the condition alleged, via the resurfacing work it performed on Shady Glen Court prior to the accident (Espinal v Melville Snow Contrs., 98 NY2d at 142 [internal quotation marks omitted]; see Torosian v Bigsbee Vil. Homeowners Assn., 46 AD3d 1314, 1316).
Since the plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law on the issue of DeBartolo Landscaping's liability, we need not address the sufficiency of the papers submitted by DeBartolo Landscaping in opposition to that cross-motion (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 851).
IANNACCI, J.P., CHAMBERS, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court