Nesbitt v Advanced Serv. Solutions (2024 NY Slip Op 00910)

Nesbitt v Advanced Serv. Solutions

2024 NY Slip Op 00910

Decided on February 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
CARL J. LANDICINO, JJ.

2021-05001
 (Index No. 612086/16)

[*1]William Nesbitt, appellant, 
v
Advanced Service Solutions, et al., respondents.

Tantleff & Kreinces, LLP, Mineola, NY (Matthew R. Kreinces of counsel), for appellant.
Fishman and Cabrera, Melville, NY (A.G. Chancellor III of counsel), for respondents.

DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated June 8, 2021. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on the issue of liability against the defendants Advanced Service Solutions and G.P. Property Development, Inc., and granted that branch of those defendants' cross-motion which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the cross-motion of the defendants Advanced Service Solutions and G.P. Property Development, Inc., which was for summary judgment dismissing the complaint insofar as asserted against them, and substituting therefor a provision denying that branch of the cross-motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.
On February 6, 2016, the plaintiff allegedly slipped and fell on ice outside of a garage bay door while attempting to inspect a vehicle that was parked in the parking lot of an STS Tire and Auto Center located in Mount Sinai, where the plaintiff worked as a mechanic. At the time of the accident, the defendant NKP Properties, LLC (hereinafter NKP), owned the premises where the accident occurred, which it leased to the plaintiff's employer. Prior to the accident, the plaintiff's employer had entered into a contract with the defendant Advanced Service Solutions (hereinafter Advanced) to remove snow and ice from the premises. Also prior to the subject accident, the defendant G.P. Property Development, Inc. (hereinafter GP, and together with Advanced, the defendants), entered into a subcontract with Advanced to perform snow and ice removal duties at the premises.
The plaintiff commenced related actions, which were subsequently consolidated, to recover damages for personal injuries against the defendants and NKP. The plaintiff alleged, among other things, that the defendants, their agents, and/or their employees were negligent in their maintenance of the premises. The plaintiff also alleged, inter alia, that in the performance of their duties at the premises, the defendants, their agents, and/or their employees launched a force or instrument of harm and/or displaced NKP's duties to maintain the premises safely and thereby fully [*2]assumed that responsibility themselves.
Subsequently, the plaintiff moved for summary judgment on the issue of liability against the defendants, and the defendants cross-moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them. By order dated June 8, 2021, the Supreme Court, among other things, denied the plaintiff's motion and granted that branch of the defendants' cross-motion which was for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff appeals.
Generally, a contractual obligation, standing alone, will not give rise to tort liability in favor of a third party, such as the plaintiff here (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140; Forbes v Equity One Northeast Portfolio, Inc., 212 AD3d 780). "However, a party that enters into a contract to render services may be said to have assumed a duty of care, and thus, be potentially liable in tort to third persons, where (1) the contracting party, in failing to exercise reasonable care in the performance of its duties, launches a force or instrument of harm, (2) the plaintiff detrimentally relies on the continued performance of the contracting party's duties, or (3) the contracting party has entirely displaced the other party's duty to maintain the premises safely" (Martinelli v Dublin Deck, Inc., 198 AD3d 635, 637; see Espinal v Melville Snow Contrs., 98 NY2d at 140; Forbes v Equity One Northeast Portfolio, Inc., 212 AD3d at 781). Where the pleadings do not allege facts that would establish the applicability of any of the Espinal exceptions, a defendant is not required to affirmatively demonstrate that the exceptions do not apply in order to establish its prima facie entitlement to judgment as a matter of law (see Forbes v Equity One Northeast Portfolio, Inc., 212 AD3d at 781-782; Canciani v Stop & Shop Supermarket Co., LLC, 203 AD3d 1011, 1013; Martinelli v Dublin Deck, Inc., 198 AD3d at 637). However, where any of the Espinal exceptions are pleaded in the complaint or the bill of particulars, a defendant contractor is required to demonstrate that those pleaded exceptions do not apply in order to establish its prima facie entitlement to judgment as a matter of law (see Conrad v Global Indus. Servs., Inc., 180 AD3d 868, 869; Nachamie v County of Nassau, 147 AD3d 770, 774; Perry-Renwick v Giovanni Macchia Landscaping & Gardening, Inc., 136 AD3d 772, 773; see also Harris v Lanai House, Inc., 111 AD3d 603).
Viewed in the light most favorable to the plaintiff (see Rubistello v Bartolini Landscaping, Inc., 87 AD3d 1003, 1004), the plaintiff's supplemental bills of particulars asserted, at a minimum, the first and third Espinal exceptions. Thus, while in support of their cross-motion the defendants established, prima facie, that the plaintiff was not a party to any agreement between themselves and NKP or the lessee of the premises, the defendants were still required to establish, prima facie, that neither the first nor third Espinal exception applied to them in order to meet their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them (see Conrad v Global Indus. Servs., Inc., 180 AD3d at 869; Nachamie v County of Nassau, 147 AD3d at 774; Perry-Renwick v Giovanni Macchia Landscaping & Gardening, Inc., 136 AD3d at 773).
Here, as to the third Espinal exception, the defendants, by submitting, inter alia, the various contracts regarding the snow and ice removal services, established, prima facie, that they had only limited snow and ice removal service agreements, which did not amount to a comprehensive and exclusive property maintenance obligation intended to displace the owner's or lessee's duty to maintain the premises in a reasonably safe condition (see Rodriguez v Propark Exec. Mgt. Co., LLC, 207 AD3d 584, 586; Sperling v Wyckoff Hgts. Hosp., 129 AD3d 826, 827; Bickelman v Herrill Bowling Corp., 49 AD3d 578, 579; Castro v Maple Run Condominium Assn., 41 AD3d 412, 413; cf. Vidal v City of New York, 199 AD3d 863; Sarisohn v Plaza Realty Servs., Inc., 109 AD3d 654).
As to the first Espinal exception, however, the evidence submitted in support of the defendants' cross-motion failed to eliminate all triable issues of fact as to whether GP, who admittedly performed snow and ice removal services at the premises prior to the accident on February 5 and 6, 2016, created or exacerbated the alleged ice condition that caused the plaintiff to slip and fall (see Nachamie v County of Nassau, 147 AD3d at 774; Perry-Renwick v Giovanni Macchia Landscaping & Gardening, Inc., 136 AD3d 772; see also Harris v Lanai House, Inc., 111 [*3]AD3d 603, 604). Further, as Advanced failed to prove in support of the cross-motion that GP was an independent contractor, as distinguished from an employee, agent, or servant thereof, there remain triable issues of fact as to whether Advanced could be held liable to the plaintiff for any acts of negligence by GP (see Roger v Homestead Renovations, LLC, 119 AD3d 668, 669).
Accordingly, since the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them, the Supreme Court should have denied that branch of their cross-motion which was for summary judgment dismissing the complaint insofar as asserted against them, regardless of the sufficiency of the plaintiff's opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability against the defendants. "A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Marazita v City of New York, 202 AD3d 951, 952 [internal quotation marks omitted]; see Camelio v Shady Glen Owners' Corp., 219 AD3d 453; McDonnell v Our Lady of Mercy R.C. Church, 209 AD3d 729, 730; see also Rodriguez v City of New York, 31 NY3d 312).
Here, based upon the evidence proffered in support of the plaintiff's motion, triable issues of fact exist as to whether the defendants could be held liable to the plaintiff for launching a force or instrument of harm in connection with the snow and ice removal work performed by GP on the premises on February 5 and 6, 2016 (see Espinal v Melville Snow Contrs., 98 NY2d at 142). Indeed, the evidence relied upon by the plaintiff, including the affidavit of his expert, failed to demonstrate, as a matter of law, that the defendants breached a duty owed to the plaintiff and that any negligence by the defendants was a proximate cause of his alleged injuries.
Since the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law on the issue of liability against the defendants, we need not address the sufficiency of the defendants' opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 851).
BRATHWAITE NELSON, J.P., MALTESE, FORD and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court