| |
|---|
| **Paru v City of New York** |
| 2025 NY Slip Op 30068(U) |
| January 8, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 152079/2016 |
| Judge: J. Machelle Sweeting |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:     HON. J. MACHELLE SWEETING            PART        62
                *Justice*

--------------------------------------------------------------------------------X

BARBARA PARU,

                          Plaintiff,

              - v -

THE CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF TRANSPORTATION, and CONSOLIDATED EDISON, INC.,

                          Defendants.

--------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152079/2016 |
| MOTION DATE | 02/09/2024 05/17/2024 |
| MOTION SEQ. NO. | 004  005  006 007 |

**DECISION + ORDER ON MOTION**

CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. s/h/a CONSOLIDATED EDISON, INC.,

                Third-Party Plaintiff,

                    -against-

THE CITY OF NEW YORK,

                Third-Party Defendant.

--------------------------------------------------------------------------------X

Third-Party
Index No.  595896/2017

CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. s/h/a CONSOLIDATED EDISON, INC.,

                Second Third-Party Plaintiff,

                    -against-

WJL EQUITIES, INC., and NICO ASPHALT PAVING, INC.,

                Second Third-Party Defendants.

--------------------------------------------------------------------------------X

Second Third-Party
Index No.  595260/2019

The following e-filed documents, listed by NYSCEF document number (Motion 004) 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 156, 172, 174, 176, 177, 179, 183, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 234, 238

were read on this motion to/for            DISMISS                                              .

**152079/2016   PARU, BARBARA vs. CITY OF NEW YORK**                    **Page 1 of 18**
  Motion No.  004 005 006 007

1 of 18

The following e-filed documents, listed by NYSCEF document number (Motion 005) 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 154, 157, 173, 180, 184, 203, 204, 205, 206, 207, 208, 209, 233, 235, 241

were read on this motion to/for _____ JUDGMENT - SUMMARY _____ .

The following e-filed documents, listed by NYSCEF document number (Motion 006) 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 161, 175, 181, 185, 195, 196, 197, 198, 199, 200, 201, 202

were read on this motion to/for _____ JUDGMENT - SUMMARY _____ .

The following e-filed documents, listed by NYSCEF document number (Motion 007) 167, 168, 169, 170, 171, 182, 186, 187, 188, 189, 190, 191, 192, 193, 194, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 236, 239, 240

were read on this motion to/for _____ JUDGMENT - SUMMARY _____ .

Pending before this court are four motions, each seeking summary judgment, pursuant to CPLR § 3212. In Motion Sequence Number 004, the second third-party defendant WJL Equities, Inc. ("WJL"), seeks an order dismissing the second third-party complaint against it. In Motion Sequence Number 005, the other second third-party defendant, Nico Asphalt Paving, Inc. ("Nico"), also moves for the same relief. In Motion Sequence Number 006, the third-party defendant The City of New York ("the City"), seeks an order dismissing the third-party action against it. Finally, in Motion Sequence No. 007, defendant/third-party plaintiff/second third-party plaintiff, Consolidated Edison Company of New York, Inc. s/h/a Consolidated Edison, Inc. ("Con Ed"), seeks to dismiss all claims against it. This court consolidates all of the motions herein for disposition.

**152079/2016   PARU, BARBARA vs. CITY OF NEW YORK**
**Motion No.  004 005 006 007**

**Page 2 of 18**

2 of 18

[* 2]

## Background

According to the complaint, (NYSCEF Doc. No. 95), on December 4, 2014, plaintiff fell near Fifth Avenue and West 57th Street in Manhattan, sustaining serious injuries, due to the negligence of defendants. Her notice of claim indicates that she fell on West 57th Street, west of Fifth Avenue, in the crosswalk from the northwest corner to the southwest corner, and clarifies that she "tripped on a pothole located in the crosswalk" (NYSCEF Doc. No. 136).  At her deposition, plaintiff stated that she believed she fell "about halfway across 57th Street, somewhere in that region" (NYSCEF Doc. No. 146, p 29 lines 11-12). She stated that the cause of the fall was a hole that "was deep enough that I stepped into it, that it caused me to crash down" (*id.*, p 30 lines 13-15). She stated that she could not see the hole in advance because the area was extremely crowded. Initially, plaintiff named only the City of New York and New York City Department of Transportation ("DOT") (collectively, "the City"), as the parties responsible for maintenance of the public sidewalk and roadway.  In addition, she sued Con Ed, which was a subcontractor in "the Electric Communications Repair Project" that took place at or near the accident site in 2011 (*id.*, ¶ 14). Plaintiff filed a notice of claim (NYSCEF Doc. No. 136), and  commenced this action on March 10, 2016.

## Procedural Background

By Order dated December 12, 2016, Justice James E. d'Auguste dismissed this action against the City, (NYSCEF Doc. No. 139), based on the City's argument on the untimeliness of the filing of the notice of claim and the complaint.  Subsequently, Con Ed commenced a third-party action which brought the City back into the case as a third-party defendant, arguing that "[i]f the injuries and damages were sustained as alleged in plaintiff's complaint, they were sustained

**152079/2016   PARU, BARBARA vs. CITY OF NEW YORK**
**Motion No.  004 005 006 007**

**Page 3 of 18**

either through the negligence of the plaintiff and/or the City" (NYSCEF Doc. No. 99, ¶ 7). In its second third-party complaint, (NYSCEF Doc. No. 100), Con Ed sued subcontractors WJL and Nico for indemnification, pursuant to the indemnification provisions contained in Con Ed's Purchase Order No. 133745 with WJL, and Con Ed's Purchase Order No. 943405 with Nico.

Motion Sequence No. 004     [Filed by Second third-party defendant WJL Equities, Inc. (WJL's) Motion for Summary Judgement]

WJL argues that the second third-party action should be dismissed as against it because it neither caused nor created the condition at issue. Citing to the deposition of William J. Lougheed, who was the general superintendent at WJL during the period in question, WJL contends that it opened a cut, and in these circumstances, another company generally would do the backfill or the paving work (p 33, lines 11-19). It additionally notes that at his deposition, John Denegall of Nico identified a paving order that was issued by Con Ed to Nico (NYSCEF Doc. No. 110, p 12 line 24 – p 13 line 5). WJL also annexes documentation showing that its work was performed on August 6, 2011, over three-and-a-half years before plaintiff's accident, and that Nico paved the area on August 10, 2011 (*id.*, p 56 lines 14-23). In addition, WJL states that it received no complaints about its work and performed no work at the site after August 6, 2011. Accordingly, WJL argues, Con Ed has not raised a triable issue as to its liability.

WJL also points to the deposition testimony of Jennifer Grimm (NYSCEF Doc. No. 108). At the time of the deposition, Ms. Grimm, a senior specialist in Con Ed's law department, performed and supervised records searches and testified as to the results (*id.*, p 9 lines 5-15). At her deposition, she provided the 78-page search result, which covered the period from December 4, 2012 to December 4, 2014 and included "DOT [Department of Transportation] permits, opening tickets, paving orders, corrective action requests, notices of violations and emergency control

**152079/2016   PARU, BARBARA vs. CITY OF NEW YORK**
**Motion No.  004 005 006 007**

**Page 4 of 18**

4 of 18

system tickets" for the area where the accident occurred (*id.*, p 13 lines 15-18). WJL argues that portions of Ms. Grimm's testimony establish that Con Ed performed additional work at the site after the 2011 project – for example, on February 4, 2013 and March 4, 2013 (NYSCEF Doc. No. 117, ¶ 21, citing NYSCEF Doc. No. 108, p 23 lines 12-18, p 28, lines 14-22).

WJL states that, based on the above, Con Ed's claim for indemnification should be dismissed. It stresses that the indemnification clause in its agreement with Con Ed provides that WJL agreed to indemnify Con Ed for all claims "'resulting in whole or in part from, or connected with, the performance of the Work by Contractor, and subcontractor, their agents, servants and employees, and including claims, loss, damage and liability arising from the partial or sole negligence of Con Edison or non-parties to this Contract . . .'" (NYSCEF Doc. No. 117, ¶ 23 [bold omitted from text], quoting NYSCEF Doc. No. 114, ¶ 36). WJL says that "[i]t has been uncontrovertibly established that WJL EQUITITES in no way caused or contributed to the condition that caused the plaintiff's alleged injuries" (NYSCEF Doc. No. 117, ¶ 24).

A portion of the clause purports to bind WJL to indemnify Con Ed for its own negligence. WJL states that this portion of the provision is *per se* unenforceable (*id.*, ¶ 25). Relying on *Cava Constr. Co., Inc. v Gealtec Remodeling Corp.* (58 AD3d 660, 662 [2d Dept 2009]), it argues that Con Ed has not satisfied its burden of showing that it is free from negligence and therefore it cannot take advantage of the indemnification clause. Finally, WJL seeks dismissal of the breach of contract claim, submitting evidence that it provided the requisite indemnification (NYSCEF Doc. No. 116).

Like the other movants, in its affirmation in partial support of WJL and Nico's motions, Con Ed contends that plaintiff's accident did not occur at the location where either Con Ed, WJL or Nico worked (*see* NYSCEF Doc. No. 172, ¶¶ 9-10, citing NYSCEF Doc. No. 169 [work order],

**152079/2016   PARU, BARBARA vs. CITY OF NEW YORK**
**Motion No.  004 005 006 007**

**Page 5 of 18**

5 of 18

and NYSCEF Doc. No. 107 [Plaintiff's Dep], p 35 lines 5-12). Rather, Con Ed contends that "[a]ll evidence and testimony regarding this work shows that although in the same general vicinity as the alleged defect, the work was a significant 7 of 10 distance away and that the alleged defect cannot be the cause of the work performed under opening ticket S686884C" (NYSCEF Doc. No. 172, ¶ 22).

In the alternative, Con Ed argues that if this court were to find that liability exists as against Con Ed, then WJ and Nico must remain in the case as well.

In its response to Con Ed's motion, Nico concurs with the conclusion that the work performed by Con Ed, WJL and Nico itself, was not in the area where plaintiff's accident occurred and, therefore, all three parties should be dismissed from this action. In the alternative, Nico argues that if this court were to find Nico liable, then there are issues of fact as to whether WJL performed its excavation and back filling work negligently and, if so, whether its negligence "led to the condition in which plaintiff alleges she fell" (NYSCEF Doc. No. 177, ¶ 11).

Plaintiff opposes WJL's motion in its entirety, stating that issues of fact remain as to whether WJL caused the defect that ultimately resulted in her accident. She states that she "clearly asserted that she stepped into a hole in the pavement in the area of 57th Street between 5th and 6th Avenue[s]" (NYSCEF Doc. No. 211, *11). Moreover, she argues that WJL has not satisfied its burden of establishing that the defective condition was not near the area where it performed its work. For the proposition that her fall was close enough to the worksite to support a finding of liability, plaintiff cites *Cosme v City of New York* (223 AD3d 559, 560 [1st Dept 2024]), in which Nico[1] and Welsbach Electric Corp.'s submission of a Google Map and other evidence did not eliminate the

---

[1] Nico, a second third-party defendant here, was also involved in *Cosme*.

**152079/2016   PARU, BARBARA vs. CITY OF NEW YORK**
**Motion No.  004 005 006 007**

**Page 6 of 18**

possibility that the worksite "was in sufficient proximity to the fall to create a triable issue of fact as to whether such work created or exacerbated the crosswalk defect."

Next, plaintiff points to the Second Department case, *Camelio v Shady Glen Owners' Corp.* (219 AD3d 453 [2d Dept 2023]) for the proposition that the gap in time between the corrective work and the accident is not necessarily fatal. There, although the landscaping company, DeBartolo Landscaping, had performed resurfacing work in 2015, the court found that an issue of fact existed where the plaintiff's evidence revealed, among other things, that its work in "the area of the crosswalk prior to the subject accident [in 2018], which "involved the application of new asphalt on top of the existing pavement, [which] immediately resulted in . . . [an] elevation differential at the seam between the existing pavement and new asphalt" (*id.* at 455). Plaintiff cites several other cases in support as well. In light of the above, plaintiff argues that WJL's application to dismiss the indemnification claims against it are premature.

WJL submits separate replies in response to plaintiff and Nico's oppositions (NYSCEF Doc. Nos. 218, 221 [respectively]). In response to plaintiff's opposition, WJL reiterates that neither WJL nor Nico performed work in or near the accident site. Further, according to WJL, plaintiff has not shown that it performed its work negligently. It notes that *Cosme*, upon which plaintiff relies, is distinguishable because in that case there was merely a 23-day gap between the completion of the excavation in question and the plaintiff's injury. It distinguishes the other cases on which plaintiff relies as well, noting that in those cases there were issues of fact as to whether the work occurred in the subject areas and/or whether work that occurred shortly before the date of the plaintiff's accident caused the fall, or that evidence raised an issue as to whether the defect occurred as an immediate result of the work. In the case at hand, WJL contends that plaintiff's

**152079/2016   PARU, BARBARA vs. CITY OF NEW YORK**
**Motion No.  004 005 006 007**

**Page 7 of 18**

7 of 18

[* 7]

arguments concerning causation are merely speculative and, as such, are insufficient to withstand its summary judgment motion.

In response to Nico's partial opposition, WJL reiterates that four days after it completed its work on August 6, 2011, Nico "performed permanent restoration and paving over the exact same area" (NYSCEF Doc. No. 219, ¶ 4 [bold removed]). As such, WJL rejects Nico's suggestion that, if there was a problem relating to the 2011 project, there is an issue as to whether the defect was due to WJL's negligent excavation or backfilling. It claims that this so-called triable issue is "a sham or frivolous issue [that] will not preclude summary relief" (NYSCEF Doc. No. 221, ¶ 8, citing *Fender v Prescott*, 101 AD2d 418, 425 [1st Dept 1984], *affd* 64 NY2d 1077 [1985], and *affd* 64 NY2d 1079 [1985]).

<u>Motion Sequence No. 005</u>     [Filed by Second Third-Party Defendant, Nico Asphalt Paving, Inc. ("Nico")]

In support of its motion, Nico cites to the deposition testimony of DOT employee Danny Garcia in which Mr. Garcia affirmed that "[t]here were no CAR reports, or any complaints of the accident location contained within the records during the 2-year search period" (*id.*, ¶ 22, generally citing NYSCEF Doc. No. 128). Like WJL, Nico reiterates that Con Ed performed work on the northwest corner of 5th Avenue and West 57th Street on February 4, 2013 (*id.*, p 23 lines 6-16), and that the electrical work in question was performed by Con Ed without the assistance of subcontractors (*id.*, p 30 lines 5-30).

Like WJL, Nico relies on the testimony of WJL's employee, Mr. Lougheed, who confirmed that the pertinent work ticket indicated that WJL performed an excavation, not a paving, on the southwest corner of 5th Avenue and 57th Street (NYSCEF Doc. No. 130, p 85 lines 13-19; p 62

**152079/2016   PARU, BARBARA vs. CITY OF NEW YORK**
      **Motion No.  004 005 006 007**

**Page 8 of 18**

8 of 18

line 24 – p 63 line 12). Further, Mr. Lougheed noted that WJL's work also entailed putting in the backfill – that is, filling up the hole from the excavation up to two inches from the top of the hole, typically with sand and concrete (*id.*, p 66 line 18 – p 67 line 8). Nico's employee, Mr. Denegall, explained that Con Ed took out an area of 74 inches by 41 inches, the area of a catch-drain at the area (*id.*, p 19 lines 19-22), that Nico only paved 9 feet by 7 feet (*id.*, p 19 lines 13-17), and that Nico did not perform work above the rectangular area in the crosswalk (*id.*, p 60 lines 15-21).

Nico's primary argument, like that of WJL, is that neither of these two parties performed work at the accident site. In support, Nico cites *Robinson v City of New York* (18 AD3d 255, 256 [1st Dept 2005]), in which the First Department dismissed Con Ed and the co-defendants, City-Wide Asphalt Paving Co. and Roadway Contracting, Inc., because plaintiff had identified the location of her fall and there was "no proof in the record whatsoever that [the defendants] performed any work" in the area where the accident allegedly occurred.

Additionally, Nico states that summary judgment in its favor is appropriate because its evidence establishes that its work did not create the condition that resulted in plaintiff's injury (NYSCEF Doc. No. 122, citing *Maloney v Consolidated Edison Co. of N.Y.*, 290 AD2d 540, 540 [2d Dept 2002], and *Zorin v City of New York*, 137 AD3d 1116, 1117-1118 [2d Dept 2016]). Here, Nico argues, there is no evidence that WJL or Nico performed their work negligently. Nico states that there were no complaints regarding the two subcontractors' work in the three years between the completion of the 2011 project and plaintiff's fall in 2014.

Further, Nico contends that all claims and cross-claims for common-law indemnification must be dismissed because there is no evidence showing that it was negligent or that it owed any duty to plaintiff. For similar reasons, Nico moves for the dismissal of Con Ed's claim against it for contractual identification.

**152079/2016   PARU, BARBARA vs. CITY OF NEW YORK**
**Motion No.  004 005 006 007**

**Page 9 of 18**

9 of 18

WJL partially supports and partially opposes Nico's motion (NYSCEF Doc. No. 154). Its arguments are essentially the same as those Nico asserts in opposition to its own motion for summary judgment. That is, WJL argues (1) summary judgment is proper dismissing Con Ed, Nico, and WJL from the action, but (2) alternatively, in the event that, the court finds an issue of fact as to negligence, there are issues of fact as to whether Nico caused or created the alleged defect. In addition, as it argued in its own motion for summary judgment, WJL stresses that Nico performed its work after WJL completed its own. Con Ed's opposition reiterates the arguments it set forth in partial support of and partial opposition to WJL's motion (*see generally* NYSCEF Doc. No. 173).

Motion Sequence No. 006     [Third Party Defendant The City of New York (the "City's) Motion for Summary Judgement]

In support of its motion, the City points to plaintiff's 50-h hearing and deposition testimony regarding the precise site of her accident. First, the City claims that it had no prior written notice of the alleged condition. Second, the City contends that it neither caused nor created the alleged condition and that Administrative Code § 7-201 (c) (2) mandates dismissal as against it.

As for the first point, the City acknowledges that its two-year search for the roadway at West 57th Street between 5th and 6th Avenues and for the roadway at the intersection of 57th Street and 5th Avenue, revealed a number of records. However, it argues that none of these records provided prior written notice (NYSCEF Doc. No. 135, ¶ 24, citing, *inter alia*, *Meltzer v City of New York,* 156 AD2d 124, 124 [1st Dept 1989] [finding that street opening or work permits did not provide requisite notice to the City]). The City contends that the inspections and complaints did not provide it with prior written notice of the alleged problem because they were unrelated to the alleged defect at issue here, or the problem was remediated and resulted in a passing condition

**152079/2016   PARU, BARBARA vs. CITY OF NEW YORK**
   **Motion No.  004 005 006 007**

**Page 10 of 18**

10 of 18

or the resulting CAR or Notice of Violation ("NOV") was not related to the defect that allegedly caused plaintiff's injuries.

The City contends that the ten complaints the DOT search found did not provide the City with notice, because four of the complaints were about a pothole at the northwest corner of West 57th Street and 5th Avenue, but this problem was corrected prior to the accident date. The City argues that the two CARs, concerning a sewer cover defect and a protruding manhole cover, relate to conditions that were "different in kind" from the defect plaintiff alleges here (NYSCEF Doc. No. 135, ¶¶ 41, 42). The remaining complaints generated maintenance and repair records which, in turn, resulted in repairs to the defect or the discovery that there was no defect.

Next, the City argues that the maintenance and repair records and the gangsheets did not provide prior written notice, because reports from January 2023 and August 2014 describe conditions that were repaired over a year before the accident – and, in the case of the August 2014 defect, a condition at a different location. The City cites cases, including *Abbott v City of New York* (114 AD3d 515, 516 [1st Dept 2014]), which state that "repair orders or reports, reflecting only that pothole repairs had been made to the subject area more than a year before the accident, are insufficient to constitute prior written notice of the defect that allegedly caused a plaintiff's injuries." According to the City, the remaining repair records and gangsheets also did not provide notice because they were "marked closed, not found by DOT crews or at entirely different locations than the Plaintiff's alleged accident" (NYSCEF Doc. No. 135, ¶ 48). Finally, the City contends that the Big Apple maps did not provide notice because they did not show that there was a pothole at the location in question.

**152079/2016 PARU, BARBARA vs. CITY OF NEW YORK**
**Motion No. 004 005 006 007**

**Page 11 of 18**

11 of 18

Even if the City did not have notice of the alleged defect, it may be liable if it caused or created the condition that resulted in plaintiff's injury. Citing *Yarborough v City of New York*, 10 NY3d 726, 728 [2008]), the City argues that because it has demonstrated lack of prior written notice, thus satisfying its *prima facie* burden, the burden now shifts to plaintiff to show that an issue of fact exists as to whether the City did cause or create the alleged defect. Moreover, where the allegation is that the City created the defect, liability exists only if the City's work "'*immediately* results in the existence of a dangerous condition'" (NYSCEF Doc. No. 135, ¶ 53, quoting *Oboler v City of New York*, 8 NY3d 888, 889-890 [2007] [emphasis in *Oboler*]). It notes that an affirmative act, rather than nonfeasance, is necessary for liability to attach to the City. It states that only two work permits that DOT unearthed involve contracts that were issued to the City or its contractors, and that both were for the installation of traffic signals.

The City's motion was opposed only by Plaintiff, who argues that there are numerous CARs and seven inspection reports that raise triable issues as to the City's liability. Plaintiff points out that the seven inspections of the crosswalk allegedly related to reports of cracked and sunken asphalt might refer to the issue at hand, and this creates an issue of fact although "the inspections resulted in a pass" (NYSCEF Doc. No. 175, ¶ 7). Plaintiff argues that the City cannot claim lack of written notice as to those complaints marked "closed," as the repairs may have been made negligently. Plaintiff contends that the DOT records and supporting affidavit lack sufficient specificity and thus do not show that the alleged defects were repaired (*see* NYSCEF Doc. No. 196, *16-17). With regard to Yelena Pasynkova's affidavit, (NYSCEF Doc. No. 149) plaintiff argues that it is insufficient because, although it provides explanations as to why the CARs were marked "closed," Pasynkova lacks personal knowledge of the repairs. Instead, plaintiff argues that the City should have submitted affidavits from the individuals who performed the repairs, and its

152079/2016   PARU, BARBARA vs. CITY OF NEW YORK                              Page 12 of 18
Motion No.  004 005 006 007

12 of 18

failure to do so necessitates denial of its motion (*see* NYSCEF Doc. No. 196, *16-17). Plaintiff further argues that issues of fact also exist as to whether the City caused the dangerous condition (*id.*, *13-16).

Plaintiff relies on *Velazquez v New York City Transit Auth.* (2016 NY Slip Op 31124 [U], *5 [Sup Ct, Bronx County 2016]) for the proposition that that the City's affidavit was insufficient to show lack of notice. In *Velazquez,* the Bronx County Supreme Court rejected the affidavit by DOT employee Larisa Dubina as she did not have personal knowledge of the repairs to the pothole and could not explain the significance of the entries in the motion. Specifically, the court found that it was "unclear, based on the record, whether the defect was repaired, or the work order was deemed closed" (*id.*).

Motion Sequence No. 007    [Filed by Defendant / Third-Party Plaintiff /  Second Third-Party Plaintiff, Consolidated Edison Company of New York, Inc. s/h/a Consolidated Edison, Inc. ("Con Ed")]

The final motion before the court is Con Ed's motion for an order of summary judgment in its favor dismissing the complaint as against it. In large part, Con Ed's arguments are the same as the ones asserted by WJL and Nico – namely, that there is no evidence that the work at issue caused or created the alleged defect and, therefore, Con Ed, WJL and Nico are not liable for plaintiff's injuries. It also points to the gap of over three years between the completion of the project and plaintiff's accident as well as the fact that neither the contractor nor the subcontractor noted any defects when the work was complete (NYSCEF Doc. No. 168, ¶ 54, citing, e.g., *Zorin v City of New York*, 137 AD3d 1116, 1117-1118 [2d Dept 2016] [also finding it notable that the moving party had "received no complaints, or further request, after its work was completed three years prior to the accident]). In support of its position that the accident did not occur where the

**152079/2016   PARU, BARBARA vs. CITY OF NEW YORK**
**Motion No.  004 005 006 007**

**Page 13 of 18**

work was performed, Con Ed cites *Robinson* (18 AD3d at 255-256), in which the First Department dismissed the plaintiff's case against Con Ed and the subcontractors Roadway Contracting, Inc. and City-Wide Asphalt because there was no proof that the work at issue took place where the plaintiff's accident allegedly took place.

Only plaintiff submits opposition to the motion. She cites to *San Marco v Village/Town of Mount Kisco* (16 NY3d 111 [2010]), in which the court found that an issue of fact existed because the prior written notice statute was inapplicable to the situation at hand. Additionally, she contends that Con Ed's failure to provide a separate statement of facts is fatal to its motion because this violates Administrative Code § 202.8-g. She again cites to *Cosme*, in which the First Department found that the subcontractors performed work "in sufficient proximity to the fall to create a triable issue" (223 AD3d at 560). Here, she states, Nico's witness, Denegall, testified that the crosswalk's width was around 15 feet (NYSCEF Doc. No. 194, p 45 lines 22-23) and, therefore, plaintiff's fall, in the middle of the crosswalk, was in sufficient proximity to the worksite. She again relies on *Camelio* (219 AD3d at 455), where the resurfacing work in question "immediately resulted in an elevation differential." She cites numerous other cases in support.

In reply, Con Ed includes a number of photographs that illustrate the distance between the work area and the site of the fall, as well as the proximity between the accident site and a manhole cover. Among its exhibits are two hard copy filings (NYSCEF Doc. Nos. 225, 226) and videos taken by Timothy J. Callinan, one of Con Ed's senior staff investigators in its law department (NYSCEF Doc. No. 224). The videos show Callinan walking across the street and taking measurements, which purportedly show that the distance from the northwest to the southwest corners is 60 feet and, therefore, plaintiff fell around 30 feet from the curbs. He further states that,

**152079/2016   PARU, BARBARA vs. CITY OF NEW YORK**
**Motion No.  004 005 006 007**

**Page 14 of 18**

as the distance from the curb to the end of the work area is 18.7 feet from the curb and plaintiff fell around 11.3 feet away from the work area (*see id.*, ¶¶ 4-6).

Analysis

This court first addresses the City's motion to dismiss the third-party complaint, (Motion Sequence Number 006), as the arguments set forth in the other motions are intertwined. As the City contends, a plaintiff must establish that the City had prior written notice of the defect to prevail in a lawsuit against the City (*Smith v City of New York*, 228 AD3d 472, 473 [1st Dept 2024]). However, in this motion, "the City has the initial burden of establishing that it lacked prior written notice of the defect or hazard under the Pothole Law" (*Bania v City of New York*, 157 AD3d 612, 612 [1st Dept 2018]).

Here, the City has satisfied its burden. As it contends, repair records from one year prior to the accident are "insufficient to constitute prior written notice of the defect that actually caused plaintiff's injury" (*DeGraffe v City of New York*, 223 AD3d 560, 561 [1st Dept 2024]). Notice of a condition related to a different spot on the crosswalk and/or intersection also is not sufficient (*see Dixon v Afternoon Delight Fifth Ave. Assoc., LLC*, -- AD3d --, --, 2024 NY Slip Op 06120, *2 [1st Dept 2024]; *Hued v City of New York*, 170 AD3d 571, 571-572 [1st Dept 2019]). Permits and notices of violation also do not provide prior written notice (*see Gabriele v Edgewater Park Owners Coop. Corp., Inc.*, 67 AD3d 484, 485 [1st Dept 2009]). The CARs were for unrelated problems, which also is insufficient to confer notice on the City (*see Civic v City of New York*, 215 AD3d 445, 446 [1st Dept 2023]). Further, as the defendants and first- and second-third party defendants have pointed out, there were no complaints in the years after the work was performed and "evidence that defendant[s] repaired a defect several months [or three years] before plaintiff's

**152079/2016   PARU, BARBARA vs. CITY OF NEW YORK**
**Motion No.  004 005 006 007**

**Page 15 of 18**

15 of 18

[* 15]

accident does not provide a basis for an inference that the repair resulted in an immediately hazardous condition" (*Trentman v City of New York*, 162 AD3d 559, 559-560 [1st Dept 2018]).

Plaintiff's opposition is insufficient to raise a triable issue regarding notice. She has not supported her position that there were reports of cracks or other problems arguably related to the alleged defect here. Instead, she merely speculates that this *might* be the case (*see Corcoran v City of New York*, 127 AD3d 437, 438 [1st Dept 2015] [speculation that 17 missing work orders might have shown prior notice was insufficient]). Further, plaintiff's reliance on *Velazquez* is misplaced, as in that case the court rejected the DOT affidavit because it did not explain whether "closed" case markings in the record meant that the potholes had been repaired. The court did not state that the City had to submit the affidavits of the workers who performed the repairs, but instead stated that the City had to either submit the affidavit of "an individual with knowledge of the repairs . . . *or* explaining the records submitted with the motion" (*Velazquez*, 2016 NY Slip Op 31124 at *5 [emphasis supplied]). Plaintiff's argument that when a defect is repaired, there is still a triable issue as to notice is in direct conflict with the prevailing law.

Because the City has shown, *prima facie*, that there was no prior written notice, "the burden shift[s] to plaintiff to establish one of the exceptions to the notice requirement" (*Dunn v City of New York*, 206 AD3d 403, 403 [1st Dept 2022]). Plaintiff's argument that "there are issues of material fact as to whether the City caused the defect" (NYSCEF Doc. No. 196, *14) lacks merit, as it is conclusory and, specifically, does not explain how the City, which did not perform the work in question, could have directly caused or created the problem (*see Burtz v City of New York*, 224 AD3d 535, 536 [1st Dept 2024] [finding that no triable issue existed where plaintiff submitted no evidence that Con Ed caused or created the alleged condition]). Finally on this issue, the court notes that third-party plaintiff, Con Ed, has not opposed the City's application to dismiss its

**152079/2016   PARU, BARBARA vs. CITY OF NEW YORK**
**Motion No.  004 005 006 007**

**Page 16 of 18**

16 of 18

[* 16]

complaint. Accordingly, and for all the reasons stated above, the court grants Motion Sequence Number 006 and dismisses the third-party complaint in its entirety.

Next, the court turns to Motion Sequence Numbers 004, 005, and 007. After careful consideration, this court finds, for the reasons proffered by WJL, Nico, and Con Ed in their motion papers, that plaintiff has failed to show that the work performed by these parties was in the area where plaintiff fell (*see Robinson*, 18 AD3d at 256). As Con Ed points out, plaintiff misunderstood the testimony that the crosswalk was 15-feet wide; that was the width of the crosswalk and not its length, which was 60 feet. Plaintiff's argument that the work in question may have caused the defect around 11 feet away is also speculative. Her reliance on *Cosme* is not persuasive, as not only was the work performed in close proximity to the accident site but, in addition, it had been performed a mere 23 days before the plaintiff's accident. Also, *Camelio* is distinguishable because, although the landscaping company, DeBartolo Landscaping, had performed resurfacing work in 2015, the plaintiff's evidence revealed that the work had immediately caused a lip or elevation differential between the pavement and asphalt, and thus an issue of fact existed (219 AD3d at 455). Further, as stated, plaintiff's speculation that the work may have been performed negligently, without any evidence of complaints or problems in the three-plus years between the work's completion and plaintiff's accident, does not raise a triable issue (*see Zorin* at 1117-1118).

**152079/2016   PARU, BARBARA vs. CITY OF NEW YORK**
**Motion No.  004 005 006 007**

**Page 17 of 18**

Conclusion

It is undisputed on this record that plaintiff sustained injuries as the result of her fall. However, for liability to exist, there must be a connection between the parties and the defect that caused the injury. Here, plaintiff has not shown this connection.

Accordingly, it is hereby:

**ORDERED** that Motion Sequence Number 004, by WJL Equities, Inc., is granted, and the second third-party case against it is dismissed; and it is further

**ORDERED** that Motion Sequence Number 005, by Nico Asphalt Paving, Inc., is granted, and the second third-party complaint against it is dismissed; and it is further

**ORDERED** that, as both second third-party defendants are dismissed from the second third-party action, the second third-party action is dismissed; and it is further

**ORDERED** that Motion Sequence Number 006, by the City of New York, is granted, and the third-party action against it is dismissed; and it is further

**ORDERED** that Motion Sequence Number 007, by Consolidated Edison Company of New York, s/h/a Consolidated Edison, Inc., is granted, and the complaint against it is dismissed.

_____
**DATE: 1/8/2025**

_____
**J. MACHELLE SWEETING, J.S.C.**

| **CHECK ONE:** | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**152079/2016   PARU, BARBARA vs. CITY OF NEW YORK**
**Motion No.  004 005 006 007**

**Page 18 of 18**

18 of 18

[* 18]